## LEARY v. WOODRUFF.

*Negligence — of occupant of wharf as to water approaches.*

Plaintiff's barge, which was moored, by defendant's direction, at a wharf occupied by defendants, was caused to careen and sink by a mound of sand which had been allowed to accumulate near the wharf. *Held*, that it was such negligence to allow the mound to accumulate as would render defendant liable for the damage to the barge.

MOTION by plaintiff for a new trial after a nonsuit at the circuit upon a case and exceptions ordered to be heard in the first instance at the general term.

The action was brought by George Leary against Albert C. Woodruff, to recover for damage done to a barge through the alleged negligence of defendant. The facts were these : On the 20th of August, 1873, the barge Exchange, carrying a cargo of iron, which it was intended to unload upon a wharf occupied by defendant, and place in stores leased by him, was, by the direction of an agent of defendant, moored to such wharf in front of said stores. At the time the boat was brought to the wharf, it was high tide. The one in charge of such boat with a pole tested the depth of the water and the character of its bottom on every side, and found, as he supposed, a level bottom of soft mud, safe for the boat to lie upon when the tide should go out. During the night the tide fell, and the boat settled down, careened over and sank. The cause of the accident was a mound of sand which had been deposited by a sewer that emptied under the wharf. The part of the wharf where the boat was moored was not leased by defendant, but was occupied by him solely, for the purpose of unloading and loading vessels,

transporting cargoes to and from his storehouse. It was shown that the dock at that place had not been dredged since defendant took possession — upward of six years previous to the accident.

The plaintiff brought this action as assignee of the owners and insurers of the ·barge at the time of the accident. Such other facts as are material appear in the opinion.

*Edward D. McCarthy,* for plaintiff.

*William W. Goodrich,* for defendant.

Present — BARNARD, P. J., GILBERT and TAPPEN, JJ.

TAPPEN, J. The plaintiff, on the trial at the Kings circuit, was nonsuited, and brings this appeal. The action was for negligence. The defendant occupied a wharf and warehouses at Brooklyn, on the East river; the plaintiff had his vessel there unloading a cargo, and she careened and sunk. It seems that a bank or mound had accumulated under the water in front of and adjacent to defendant's premises, and as the tide went out the vessel met with the accident stated.

The plaintiff says that, having been invited to the defendant's premises for the business in question, a duty devolved on the defendant to keep his premises and the approaches thereto, which were under his control, in suitable order for such business. This proposition is supported directly by the case of *Carlton* v. *Franconia I. & S. Co.,* 99 Mass. 216. In that case a vessel sustained injuries from a rock in the bed of the dock, under water, and the defendants were held liable. And the court says, even if defendants had no title to the dock, yet, if they occupied it and the adjoining wharf, and for their own benefit induced vessels to come to the wharf, their liability is not diminished.

The like principle is held in *Sweeny* v. *Old Colony & Newp. R. R. Co.,* 10 Allen, 372. A liability will not attach to the owner or occupant of the premises if the defect or obstacle be so hidden that its existence could not be discovered by a reasonable examination commensurate with the use to be made of the premises. Shearm. on Neg. 658.

The defendant, among other matters, claimed that the unskillful manner of unloading and discharging the cargo by the plaintiff was

the cause of, or contributed to, the accident. After testimony had been put in on both sides, the court granted the defendant's motion to dismiss the complaint, directing the exceptions to be heard in the first instance at the general term.

We are of opinion that this was error, and that, upon the facts proven, the plaintiff was entitled to go to the jury.

A new trial is, therefore, ordered, costs to abide the event.

*New trial ordered.*