[No. 838.]

ROBERT FERGUSON, APPELLANT, v. THE VIRGINIA
AND TRUCKEE RAILROAD COMPANY, RESPONDENT.

PRIVATE WAY—ACTION FOR DAMAGES SUFFICIENCY OF COMPLAINT.—A com-
plaint charging a railroad company with negligence in failing to keep in
repair a private way, over its railroad track, constructed for its own use
and benefit, and used by other persons by the mere license of the railroad
company, does not state facts sufficient to constitute a cause of action.

IDEM.—In actions of this character to enable a plaintiff to maintain his action
he must allege and prove some act of *misfeasance* on the part of the rail-
road company.

IDEM—PUBLIC HIGHWAY—DUTY OF RAILROAD COMPANY.—The railroad com-
pany could only be held responsible for the injuries plaintiff received
upon the theory that the street where the accident occurred was a public
highway prior to the construction of the railroad.   In such event it
would be the duty of the railroad company to keep it in repair.

PLEADINGS CONSTRUED LIBERALLY.—The rule of construing pleadings most
strongly against the pleader has been changed by the statute of this state
which provides that, for the purpose of determining its effect, a pleading
shall be liberally construed.   1 Comp. Laws, sec. 1133.

APPEAL from the District Court of the First Judicial
District, Storey County.

The facts appear in the opinion.

*Lindsay & Dickson,* for Appellant.

I. The complaint in this case alleges facts sufficient to
constitute a cause of action; as a motion for nonsuit should

be denied when there is any evidence tending to prove the issue on the part of plaintiff. (9 Wall. 197; 38 N. Y. 435; 17 Wall. 657; and cases cited.) A complaint in a case of this kind, which invokes solely the question, whether or not the defendant is guilty of negligence in the premises, should not be held obnoxious to a general demurrer.

II. The matters alleged in the complaint establish more than a mere license; something beyond a mere passive acquiesence, on the part of the defendant, in such use of the way in question, that by fitting and preparing this, as a proper way, for the passage of teams and consenting to the constant use of it, in that manner, by all persons desiring so to use it, the defendant impliedly invited such use. It was thereby held out by defendant to all persons, having occasion to pass that way, as a fit and proper way for the passage of their teams, and is, therefore, brought clearly within that line of decisions which hold that, where one has either, expressly or impliedly, invited others to come upon his premises, or by some preparation or adaptation of the place for use of customers or passengers, such as would naturally and reasonably lead them to suppose that they might properly and safely enter thereon, thereby inducing or alluring them to come upon his premises, that he is charged with the duty of seeing to it that, the way or premises are in a reasonably fit condition to enable the person so induced, to enter and pass with safety; and that for any omission or neglect therein, on the part of the person holding out this inducement, or implied invitation, resulting in injury, to one so allured or induced, he, the proprietor, must respond in damages. (*Sweeny* v. *Old Colony R.*, 10 Allen, 368; *Corby* v. *Hill*, 4 C. B. (N. S.) 556; *Hounsell* v. *Smyth*, 7 C. B. (N. S.) 738; *Elliott* v. *Pray et al.*, 10 Allen, 378; *Straub* v. *Soderer*, 53 Mo. 38.)

But if the facts alleged show nothing beyond a simple permission, a mere passive acquiescence on the part of the defendant, it is liable. Negligence may be positive or negative; may result from omission or commission. (Shearman & Redfield on Neg., sec. 499; *R. Co.* v. *Stout*, 17 Wall. 657; *Birge* v. *Gardiner*, 19 Conn. 506; *Daley* v. *Norwich R. Co.*, 26 Conn. 591.

*Whitman & Wood,* for Respondents.

I. To avoid the objection that the complaint is uncertain and unintelligible, it must be easy of comprehension, and free from reasonable doubt. (*Salmon* v. *Wilson,* 41 Cal. 595.) The rule suggested by counsel for appellant to test the sufficiency of a demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action, is ingenious but fallacious. (*Gantret* v. *Egerton,* Law Rep. vol. 2, 374.) The averments in the complaint as to the duty of defendant, are bad pleading. (*Seymour* v. *Maddox,* 71 E. C. L. 330.)

II. The facts stated show that the way was a private way, allowed to persons having occasion to use the same with teams or wagons. If so, it was the business of those using to keep it in repair. (Washburne's Easements and Servitudes, pp. 266, 683; *Robbins* v. *Jones,* 15 C. B. (N. S.) 221; *Doane* v. *Badger,* 12 Mass. 68; *Prescott* v. *White,* 21 Pick. 342; Shearman & Redfield on Negligence, sec. 355.) If a public way, the duty devolved elsewhere, that is, upon the public representatives, as a general rule. (Shearman & Redfield on Negligence, sec. 356; *Pollard* v. *Woburn,* 104 Mass. 84); but as to the city of Virginia, nowhere; three being no legal obligation to repair streets resting upon it. (*McDonough* v. *Mayor and Aldermen of Virginia City,* 6 Nev. 90.)

III. The facts fail to show that plaintiff had any occasion to be riding over the way. They fail to show that the accident was not caused, directly or indirectly, by the driver with whom he was riding, or that defendant knew, or that plaintiff did not know, the defect in the way, in either of which events defendant would be freed from liability, though charged with the duty of repairing the way. (*Achtenhagen* v. *City of Watertown,* 18 Wis. 331; *Fox* v. *Glastenbury,* 29 Conn. 204; *Horbon* v. *Ipswich,* 12 Cush. 488; *Talmadge* v. *Zanesville &c. R. Co.,* 11 Ohio, 197; *Smith* v. *Smith,* 2 Pick. 621.) None of the facts stated in the complaint bring this case within the category of actionable negligence. (*Gautret* v. *Egerton,* Law Rep. Com. Pleas Cases,

vol. 2, 371; *Southcote* v. *Stanley*, 1 Hurlstone & Norman Exch. 246; *Bolch* v. *Smith*, 7 Id. 736; *Nicholson* v. *Erie R. R. Co.*, 41 N. Y. 525; *Hounsell* v. *Smyth*, 97 E. C. L. 740.)

By the Court, Beatty, J.:

This is an action for damages for injuries alleged to have been sustained by the appellant in consequence of the failure of the defendant to keep in repair a certain wagon road in the city of Virginia. A demurrer to the complaint was sustained by the district court, and the plaintiff declining to amend, the defendant had judgment, from which the plaintiff appeals. The only question in the case is, whether the district court erred in sustaining the demurrer.

Two causes of demurrer are assigned: "First, that said complaint is uncertain and unintelligible in this, that it fails to show with any clearness or certainty any omission of duty or commission of wrong on the part of defendant tending to plaintiff's damage. Second, that said complaint does not state facts sufficient to constitute a cause of action."

The second of these objections alone will be considered. If, as counsel for respondent contend, the complaint wholly fails to show any omission of duty or commission of wrong by the defendant, the defect is reached by the second objection; but if the complaint is merely ambiguous or uncertain in the statement of an omission of duty or commission of wrong by the defendant, the objection on that ground is too vague and general to be regarded. It should have specified distinctly in what the uncertainty or ambiguity or want of clearness consisted. This it wholly fails to do, and ought not, therefore, to be considered. (C. L. 1104.)

Does the complaint disclose a cause of action? It shows that the defendant is the owner of a railway having its *termini* in the city of Virginia and the town of Reno. "That in the said city of Virginia, between Washington and Flowery streets, the main track of said railroad runs in upon and along a certain wagon way, road or thoroughfare for a distance of, to wit: sixty feet, and the said defendant did, at the time of the commission of the grievances hereinafter complained of, and now does, claim to own, and then was,

and now is, in the possession of the land and premises lying west of and immediately adjoining said portion of said main track. That said portion of said main track which does so run in upon and along said wagon way," etc., "has at all times, since its construction, hitherto been covered with planking by said defendant, for the purpose of enabling the teams and wagons of those having occasion so to do, to pass over, upon and along said portion of said main track, and that said planking extends, to wit: two feet west of the west rail of said portion of said main track, and that heretofore, to wit: ever since the construction of said main track, hitherto all persons having occasion so to do have been accustomed, with the knowledge and consent of the defendant, to pass with teams and wagons over, upon and along said wagon way, road or thoroughfare, and in so passing did, with the knowledge and consent of the defendant, pass with their teams and wagons along said portion of said main track, partially on said main track and partially on the said land so claimed and possessed by defendant, as aforesaid, to wit: the land adjacent to said portion of said main track on the west; and the said defendant, ever since the construction of said main track, has kept and maintained the way so used for the passage of teams and wagons, including the said lands so used as a wagon way for all persons having occasion so to use the same."

It is further alleged that it was the duty of the defendant to keep said planking in repair so as to afford a safe means of passage for teams and wagons, and the breach of duty with which the defendant is charged is that it "did not use due and proper care to keep and maintain said portion of said main track and the land immediately adjacent thereto on the west, and used as a wagon way as aforesaid in a safe, secure and proper condition, so as to enable teams and wagons to pass upon and along the same as aforesaid, but wholly neglected so to do, and so neglecting its duty did heretofore, to wit, on the fifth day of November, A. D. 1875, carelessly and negligently suffer and allow the said portion of said main track and the land immediately adjacent thereto on the west, and used as a wagon way as aforesaid, to

fall into decay, and to be and become on the said last mentioned day in an unsafe and improper condition for teams and wagons to pass over and upon the same." In consequence of which it is alleged, the plaintiff while rightfully passing with a loaded wagon partly on the track and partly upon the planking west of the track was thrown off, and injured, and damaged by reason of one of the wheels of his wagon, without any fault or negligence on his part, falling into a hole in the planking west of the track.

This is the substance of the complaint. The passage above quoted, which charges a breach of duty, is clear and unambiguous. The defendant is charged with a failure to repair the planking west of the track, suffering it, by use and the action of natural causes, to fall into decay and thus become unsafe. This is the charge and the whole charge, one of *non-feasance* merely, and not of any *misfeasance*, and the question before us is thus narrowed down to the inquiry whether the facts alleged in regard to the construction and use of the way are sufficient to charge the defendant with the duty, as regards the plaintiff, of keeping the strip of planking west of the track in repair.

The general allegation that it was the duty of defendant to repair, asserts a conclusion of law merely, and the demurrer ought to have been sustained unless the facts alleged support the conclusion. (*Seymour* v. *Maddox*, 71 E. C. L., 330; *Gautret* v. *Egerton*, Law Rep. 2 C. P. 371.) Do the facts alleged show that the defendant owed the plaintiff the duty of doing what it is charged with having omitted to do? Under the old rule of construing a pleading most strongly against the pleader it certainly does not. It does not clearly appear that the wagon-way in question is a highway, nor that it existed before the railway was laid down, and both these facts are, in our view, essential in this case. The plaintiff, it is true, contends that even if the complaint should be held to mean that the road was the property of the defendant, constructed for its own purposes, and used by others by the mere license of defendant, that still enough is alleged to show a good cause of action. But to this we cannot assent. If the road belonged to the defendant it is

not liable to the plaintiff for a failure to repair unless the road was provided as a means of access or passage for those having business with defendant, and the plaintiff was using it on such business. (*Indemaur* v. *Dames*, Law Rep., 2 C. P. 311; *Carlton* v. *Franconia Co.*, 99 Mass. 216, and cases cited.) If the plaintiff was using it on business of his own, by the mere license of the defendant, he took it with all its imperfections. In such case it would be necessary to allege and prove some act of *misfeasance* on the part of the defendant, such as placing a dangerous obstruction on the road at night, or undermining or weakening the way (*Corby* v. *Hill*, 93 E. C. L. 556), or at least that the defendant, with the knowledge of the evidence of some latent defect in the way, had failed to give warning under such circumstances as to indicate malice. (*Gautret* v. *Egerton, supra.*)

This complaint fails to show that the plaintiff was using the road on business of, or with the defendant, or that it was guilty of any act of misfeasance or fraudulent concealment. Neither do the facts alleged bring the case within the principle decided in *Sweeney* v. *Old Colony Road*, 10 Allen, 368. There it was held that the defendant had invited, allowed and induced the plaintiff and others to cross its track at a certain point by constructing a thoroughfare and stationing a flagman to warn all persons of the approach of trains. The flagman motioned to the plaintiff to cross when a train was approaching, when—as was assumed for the purposes of the decision—he knew, and the plaintiff did not know, that it was dangerous to cross. A new trial was afterwards granted upon the ground that the evidence did not establish the facts assumed. This, however, does not detract from the authority of the decision, and its correctness is conceded. It stands upon the same principle as some of the cases above referred to. The act of the flagman in signaling the plaintiff to cross when he knew or ought to have known that it was dangerous, was a misfeasance for which his employer was held responsible. There is nothing in the case to countenance the notion that the mere construction of a road, adapting it to the purposes of

transit, renders the owner liable for a failure to repair to every person who is permitted, without remonstrance, to use it. The case of *Robbins* v. *Jones*, 109 E. C. L. 221, is distinctly to the contrary.

Our conclusion is, that on the assumption that the road here in question was the property of the defendant, the complaint fails to state a cause of action. But the rule of construing pleadings most strongly against the pleader has been replaced in this state by the more liberal rule prescribed in section 70 of the Practice Act (C. L. 1133.) This section is the same as section 159 of the New York Code. The result of the decisions in that state seems to be that on a general demurrer the allegations of a complaint will be construed as liberally in favor of the pleader as, before the code, they would have been construed after a verdict for the plaintiff. That is, they will be construed in such a sense as to support the cause of action or the defense. (Moak's Van Santvoord's Pl., 3d ed., side page 771 *et seq.* and cases cited.) In this state a similar doctrine has been declared in *State* v. *Central Pacific Co.*, 7 Nev. 103.

Applying this rule of construction to the allegations of this complaint, it may be held to mean that the way in question was the private way of some person other than the defendant, or that it was a highway.

If it was a private way of some person other than the defendant, the defendant may or may not have been obliged to keep the crossing in repair, according to circumstances. If it was obliged to keep it in repair for the owner, probably it would be liable for a failure to repair, not only to the owner, but to any person using it on business with the owner, or on business of his own with the owner's permission. But there is nothing in the complaint to show that it was the defendant's duty to repair the crossing if it was a private way, and nothing to show that the plaintiff was one of those who had a right to claim the fulfillment of such duty if it existed.

If it was a highway in use by the public before the railway was laid down, then it was the duty of the defendant, as to all the world, to restore and preserve that part of the

road occupied by it in such condition as to afford a safe and convenient passage for wagons and teams. Having planked the track, the defendant would have been bound to exercise ordinary care in keeping the planking safe. This obligation exists probably independently of any statute, but if not, it is clearly imposed by the statute of this state. (C. L., sec. 3442.) It may or may not have been necessary, in order to make a safe crossing, to extend the planking upon the land of the defendant west of the track; but whether it was or not, the defendant was bound to keep it in repair to its full width. The persons who had occasion to pass over it could not be expected to know exactly what portion of the planking covered the original roadway and what portion extended beyond it. The whole of it was held out to the public as a part of the crossing which it was the defendant's duty to furnish, and it was liable for a defect existing in any part through its fault or negligence. The principle upon which such liability would rest is the ground of the decision in *Elliott* v. *Pray*, 10 Allen, 378; *Carlton* v. *Franconia Co.*, 99 Mass. 216.

Upon these grounds we conclude that if the allegations of the complaint are construed to mean that the road upon which this accident happened was a highway, in use as such before the construction of the railway (and under the rule above adverted to they may be so construed), then, and then only, do they show a good cause of action. But it has not been contended by counsel here, and we suppose was not contended in the district court, that the complaint means, or was intended to mean, anything of the kind. On the contrary, the only ground upon which it is contended that the defendant is liable, is, that having made a road and allowed everybody to use it, it has thereby become liable to any person injured by a defect in the road for a mere failure to repair. This position we consider wholly untenable, and although the complaint might be so construed as to show a cause of action, no such construction having been contended for, we do not consider it any reason for reversing the judgment of the district court.

The judgment is affirmed.

RESPONSE TO PETITION FOR REHEARING.

By the Court, BEATTY, J.

In a former opinion we held that the complaint in this case failed to state a cause of action, unless it should be construed to mean that defendant laid its track upon a highway. That it might be so construed, under the code, was conceded; but having been led to believe that the plaintiff relied upon other and inconsistent facts to sustain his action, we concluded that a reversal of the judgment would be of no advantage, and accordingly affirmed it. A rehearing was afterward granted upon a petition showing that the plaintiff expected to be able to prove a highway. On the argument counsel for appellant again urged the proposition made in the original brief, and contended that under the allegations of the complaint he could prove a state of facts that would render the defendant liable for a failure to repair the way in question, even though it was its own private way.

We are satisfied, however, that in this position the authorities do not sustain him, and we refer again to the cases cited in our former opinion. In all the cases cited in opposition to our views as therein expressed, the principle upon which the defendants were held liable was that they had been guilty of some act of commission by which others were endangered. This is as true of that class of cases in which damages have been allowed for injuries to children caused by dangerous machines or instruments left in their way as it is of any of the other cases.

If a man leaves a machine which he knows to be dangerous where it is accessible to children, whose childish instincts will impel them to meddle with it he sets a dangerous trap for children and is justly held accountable for the injury that ensues. And so does a man set a dangerous trap who leaves car trucks standing near the crossing of a track without setting the brakes. But a man who permits others to use his private way is not bound at his peril to keep it in repair. He will be liable for the consequences if he places a dangerous and hidden obstruction in the way, and

on the same principle he may be liable if, with knowledge of the existence of some latent defect in the way, he fails to warn those who have been accustomed to use it, or who may be induced to do so by its having the appearance or reputation of being a highway. In such case, however, these material facts must be pleaded. They cannot be proved under an allegation of neglect to repair. The liability does not grow out of the failure to repair, but arises from the fraudulent concealment indicating malice. The case of *Knaresborough* v. *The Beecher Company*, 3 Sawyer, C. C. R. 446, is not in conflict with this proposition, but, on the contrary, sustains it. In that case, knowledge of the defect on the part of the defendant was not essential to its liability, and that was all that was decided. All that was said, apart from the point decided, was to the effect that knowledge may be proved under a general allegation of negligence where it is merely an element of the negligence to be proved, but not where it is essential to defendant's liability, as it is here, on the assumption that plaintiff was injured while using the defendant's private way on business of his own.

There is no construction of this complaint which shows any cause of action against the defendant unless it is held to mean that the track was laid upon a highway. Allowing it that construction it does show a cause of action, and upon that ground alone the judgment of the district court is reversed, with directions to overrule the demurrer, with leave to the defendant to answer.