### DENNIS G. BARBER, Respondent, *v.* ABENDROTH BROTHERS, Appellants.

The owners of a dock upon a river are responsible for damages suffered by a vessel lawfully using it, caused by a defect in the river bottom adjoining the dock, known to them, but not to the master of the vessel.

Plaintiff contracted for a load of sand to be delivered at its dock, which could only be reached by boats at high tide, the bottom of the river being bare at low tide. The sand was shipped on plaintiff's boat. The first high tide after its arrival in the river was at midnight. There was a watchman on the dock, of whom plaintiff inquired when the boat approached the dock, where he should moor it. The watchman answered that he did not know. Plaintiff then asked where the last load of sand was landed. The place was pointed out and plaintiff moored his boat there. When the tide fell, the boat rested on the bottom, a depression in which caused the center of the boat to settle and injured her. Defendant knew of the unsafe condition of the bottom of the river at the point in question. In an action to recover damages, *held*, that defendant was properly found guilty of negligence in not making provisions for warning a vessel coming in by the night-tide of the danger; that while the directions given by the watchman did not impose any liability upon his employer, as it was no part of his duty, the conversation with him showed that plaintiff took proper precautions, and the evidence was sufficient to absolve him from the charge of contributory negligence, although it appeared that the place so selected by him was not the proper one for unloading.

(Argued April 30, 1886; decided June 1, 1886.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made the first Monday of November, 1884, which affirmed a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

This action was brought to recover damages for injuries to plaintiff's canal boat, alleged to have been caused by defendant's negligence.

The material facts appear in the opinion.

*D. B. Ogden* for appellants. In order to charge a defendant with negligence in such a case it is necessary that the defect should be such that its existence would be discovered by a reason-

able examination commensurate with the use of the premises.
(*Leary* v. *Woodruff*, 4 Hun, 99; Shearm. & Redf. on Neg.
658.) A mere passive acquiescence by an owner or occupier,
in a certain use of his land by others, involves no liability, but
if he, directly or by implication, induces persons to enter on
and pass over his premises, he thereby assumes an obligation
that they are in a safe condition, suitable for such use.
(*Sweeney* v. *Old Colony R. R. Co.*, 10 Allen, 368; *Leary* v.
*Woodruff*, 4 Hun, 99; *Smith* v. *Standard Oil Co.*, 13 Week.
Dig. 377; Shearm. & Redf. on Neg. 498.)

*J. A. Hyland* for respondent. The owner of a wharf
making use of it for gain, in the course of his business, is
liable for the damages caused by the inequalities in the bottom
alongside of the wharf to a vessel lawfully using the berth in
course of business and exercising due care. (*Lawyer* v. *Oak-
man*, 7 Blatchf. 290; 3 Wall. Jr. 375; 7 Ben. 39; 13 Week.
Dig. 377; 15 Wall. 649; 1 Thomp. on Neg. 316, 581, 582; 1
Brown's Adm. 360; 59 N. Y. 28; 23 How. [U. S.] 209; 99
Mass. 116; 1 Low. 134.) This liability attaches even if the
defendant had no title to the dock, if it occupied it and the
adjoining wharf. (*Leary* v. *Woodruff*, 4 Hun, 99; affirmed,
76 N. Y. 617; *Canavan* v. *Conklin*, 1 Daly, 509.) When a
danger can be seen and is not discovered it is negligence not to
know of its existence. (97 N. Y. 494, 501.) The appellant
was bound by law to have its dock in a fit condition to receive
respondent's vessel without damaging her. (Shearm. & Redf.
on Neg., § 498; Thomp. on Neg., § 10, p. 316; *Sawyer* v.
*Oakman*, 1 Low. 136.)

RAPALLO, J. The plaintiff was lawfully using the defendant's
dock at the time of the injury complained of. The defendant
is a corporation and owned the dock, which was opposite its
foundry and was about three hundred feet long. It had con-
tracted for a cargo of sand to be shipped to it, and to be de-
livered at the dock in question. The sand was shipped on the
canal boat " George A. Bennett," owned by the plaintiff and
consigned to the defendant, deliverable along side of its dock

at Port Chester, N. Y. The boat with its cargo arrived at the mouth of the Byram river on the 25th of August, 1881, at between eight and nine o'clock, P. M., and was then attached to a tug. The tide being then low, the tug anchored and waited till the tide rose enough to take the boat to Port Chester. She arrived there at about twelve o'clock that night. There was a watchman on the dock, and the plaintiff asked him where he should moor his boat, and he said he did not know. The plaintiff then asked him where the last load had been landed, and he pointed out a place, and the plaintiff then moored at the place designated, throwing his lines to the watchman, who took them and made them fast. When the tide fell the boat rested on the bottom which was bare at both ends of the boat, but there was a depression in the center which caused the boat to settle about a foot in the center and thus injured her. The bottom was hard sand.

At the close of the testimony the judge, at the request of the defendant, charged the jury that the plaintiff could not recover unless the jury believed that the defendant had notice that the bottom of the river at the point in question was unsafe, and was guilty of negligence in not warning the plaintiff, and the plaintiff was not guilty on his part of any negligence which contributed to the accident.

This charge was in accordance with adjudged cases, and the converse of the rule laid down is sustained in the same manner. The jury having found for the plaintiff, the verdict must be assumed to have been based upon the facts supposed in the charge.

In *Sawyer* v. *Oakman* (1 Low. 134), the rule was laid down by the District Court of the United States that the owners of a dock are responsible for damages suffered by a vessel lawfully using the dock, caused by a defect in the bottom, known to the owners of the dock and not known to the master of the vessel. This decision was affirmed in the Circuit Court of the United States by WOODRUFF, J., in 7 Blatchf. 290.

The same rule was applied in *Carlton* v. *Franconia Iron and Steel Co.* (99 Mass. 216), where the owner of a private wharf procured a vessel to bring a cargo to it, to be there discharged, and suffered her to be placed, at high water, at a place apparently safe but in fact unsafe, there being a sunken rock

at the adjoining wharf, of which the defendant had knowledge. The plaintiff might have moored safely at the defendant's wharf, but did not know of the rock. As an illustration, the court, in the case cited, instanced an unsafe entrance to a man's house whereby a carrier coming there at night should sustain damage. (See, also, *Leary* v. *Woodruff*, 4 Hun, 99 ; affirmed, 76 N. Y. 617.)

In the present case the defendant had authorized the cargo of sand to be sent to it, to be delivered at the wharf in question, and knew that it was coming, although it did not know at what precise time. It was bound to know, however, that it could only be delivered at high tide, which would, on the day in question, be either about noon or about midnight, the bottom being bare at low tide. The jury must be deemed to have found that the defendant knew the dangerous condition of the bottom, and was negligent in not making provision to warn a vessel coming in by the night tide, especially as it had a watchman there who might easily have been instructed. Both of these questions were submitted to the jury at the defendant's request, and found adversely to them. We do not think that the directions given by the watchman made the defendant liable, *first*, because it was no part of his duty to give them, he being there only to watch the buildings and guard against fire, and *secondly*, because he did not assume to have authority to give directions, as he said he did not know where the plaintiff should moor. But the inquiry made by the plaintiff showed that he took such precautions as the circumstances afforded, and that in making fast at the place where he was told the last cargo had been landed, he exercised prudence which tended to absolve him from the charge of negligence. There was evidence tending to show that the place selected by the plaintiff was not the proper place, but we think that, taking the whole evidence together, it was sufficient to sustain the verdict.

The judgment should be affirmed.

All concur.

Judgment affirmed.