### VROMAN *et al.* v. ROGERS.

*(City Court of Brooklyn, General Term.* May 27, 1889.)

1. WHARVES—LIABILITY OF WHARFINGER.
    A wharfinger letting a berth for a boat, and representing it a safe one, does not become an insurer of the boat against damages resulting from negligence of the owners.

2. SAME—NEGLIGENCE—PROVINCE OF JURY.
    Where plaintiffs' boat rested on the ground at low tide for 10 days before it was overturned, and there was evidence from which it could be inferred that during that time plaintiffs acquired such information as might indicate the probable unsafeness of the place, it is for the jury to determine whether the wharfinger's statement that the berth "was safe with six feet of water at low tide," excused plaintiffs from exercising further care.

3. TRIAL—INSTRUCTIONS.
    Where the evidence is conflicting as to whether defendant made certain statements, as alleged by plaintiffs, an instruction that plaintiffs had the right to rely on such statements is properly refused as assuming that the statements were in fact made.

Appeal from trial term.

Action by Sanford Vroman and another against Charles E. Rogers, for damages for breach of contract. Plaintiffs appeal from a judgment entered on verdict for defendant, and an order denying their motion for a new trial.

Argued before VAN WYCK and OSBORNE, JJ.

*B. Rausch*, for appellants.    *Hubbard & Rushmore*, for respondent.

VAN WYCK, J. The complaint alleges that defendant, owner of wharf, let to plaintiffs wharfage for their boat, stating to them that the place was safe with six feet of water at low tide; that the place was unsafe, and water less than six feet; and that thereby the boat was overturned, to their damage. There was testimony tending to show that such statements were and were not made; that the water was more and less than six feet; that the place was safe and unsafe; that the boat was overturned for the want of six feet of water, and by the condition of the bottom, and that it was not; that it was overturned by improper loading and its leaky condition. The controversy was fairly submitted to the jury as to whether or not defendant's negligence brought about the injuries complained of. The verdict was for the defendant, and this appeal is from the judgment thereupon, and the order denying motion for new trial. Plaintiffs' sole contention on this appeal, in the words of their counsel's brief is that "the question was not one of negligence, and none was shown on the part of plaintiffs, or attempted to be shown on the part of defendant;" that it is "an action to recover for a breach of contract;" that defendant, in contracting that this berth was all right for this boat, "contracted either that the boat would not touch bottom, or, if it did, that the bottom would hold it upright;" that if "the case had been submitted to the jury on the question of contract, the result might have been different." We cannot assent to the proposition that the wharf-owner letting a berth for a boat, representing it a safe one, becomes the insurer of the boat against damage, though he shall be found free from negligence and the owner guilty of negligence causing the injuries to the boat. *Barber* v. *Abendroth*, 102 N. Y. 406, 7 N. E. Rep. 417; *Leary* v. *Woodruff*, 4 Hun, 99.

The court properly refused to charge that plaintiffs had the right to rely upon the statement that the place was all right. It assumed that such statement had been made, and then there is testimony tending to show that dur-

ing the 10 days the boat was moored to the dock before the accident plaintiffs learned the depth of the water, and the condition of the bottom, for during that time, at low tide, the boat touched and rested upon the ground. Certainly plaintiffs could not rely upon statements they knew were untrue. It was a question of fact for the jury, and not one of law, whether or not these representations relieved the plaintiffs, in the exercise of ordinary care, from the further use of their senses to ascertain the safety of the berth. There is testimony from which it might reasonably be inferred that the plaintiffs, before the accident, though after the alleged representations, acquired such information in respect to depth and conformation of the berth while their boat for 10 days at low tide rested upon the ground, as might indicate to them its probable unsafeness. If such indications would impel persons of ordinary prudence and experience under the circumstances, notwithstanding the representations, to further examine the condition of the berth, then the same duty would rest upon the plaintiffs. This disposes of the questions raised by appellants. The judgment and order must be affirmed, with costs.

OSBORNE, J., concurs.