SANFORD VROMAN et al., Appellants, v. CHARLES E. ROGERS, Respondent.

132  167
142  567

*It seems,* that a party having and assuming to maintain a dock and slip to supply wharfage for hire is bound to keep them in suitable condition for that purpose, and for any injury or loss resulting to a person properly using them, solely occasioned by a failure to perform this duty, he is liable.

The duty, however, is imposed upon one hiring wharfage to exercise ordinary care and, if by such exercise, he could have discovered the defect causing the injury, he is guilty of contributory negligence.

In an action to recover damages for an injury to plaintiffs' barge and its cargo while lying at defendant's dock, wharfage at which had been leased by plaintiffs, the testimony of the latter was to the effect that they made the lease upon the representation of defendant that the place at the wharf so let was safe and had six feet of water at low tide; that at the wharf it was less than six feet and the ground under the barge sloped down outward from the docks, so that at low tide the side of the barge near the dock rested on the bottom, and by reason of the slope broke away from its fastenings and turned over, thus causing the loss complained of. The barge had been at the dock for ten days prior to the injury, and at low tide had rested on the bottom. The court instructed the jury that if they found that the bottom of the slip was defective or in unsafe condition, and this caused the loss, the further question was for them to determine whether defendant was guilty of negligence and plaintiffs free from contributory negligence. Plaintiffs' counsel requested the court to charge " that if defendant made the statement that this place was all right, the plaintiffs had the right to rely on that statement." The court stated that the jury might consider that on the question of negligence, and declined to charge that the jury might rely on the statement or that it relieved them from making a personal examination. *Held,* no error; that while assuming the statement was made, plaintiffs were justified in assuming it to be true, and negligence could not be imputed to them in placing the barge there without personal examination, the inference was justified that when previously at low tide the barge rested on the bottom, it could have been easily ascertained whether the ground beneath it was suitable to rest upon, and the question of contributory negligence was properly submitted to the jury.

(Argued February 12, 1892; decided March 8, 1892.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made May 27,

1889, which affirmed a judgment in favor of defendant entered upon a verdict, and affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Benjamin Rausch* for appellants. Plaintiffs had a right to rely upon the representations made, and to assume that the defendant knew of the formation of the bottom of the slip. They were not required to make a personal examination, but were entitled to a reasonably safe place. (*Leary* v. *Woodruff*, 4 Hun, 99 ; 76 N. Y. 617 ; *Barber* v. *Abendroth*, 102 id. 406.) Defendant was bound to furnish them a reasonably safe place, even in the absence of any express agreement. (*Newall* v. *Bartlett*, 114 N. Y. 399 ; S. & R. on Neg. § 498 ; *Pittsburgh* v. *Guir*, 22 Penn. St. 54.)

*H. B. Hubbard* for respondent. The objection to the question put to the witness Hibberd Young was not well taken. (*Crosby* v. *Day*, 81 N. Y. 242 ; *Cushman* v. *U. S. L. Ins. Co.*, 70 id. 81 ; 1 Greenl. on Ev. [13th ed.] 490, § 440 ; *Price* v. *Powell*, 3 N. Y. 322 ; *Pullman* v. *Corning*, 9 id. 93 ; *Bearss* v. *Copley*, 10 id. 93 ; *Curtis* v. *Gano*, 26 id. 426 ; *Moore* v. *Westervelt*, 27 id. 234.) There can be no recovery unless there was a defect in the bottom of the river which caused the accident, and the jury believes that the defendant had notice that the bottom of the river at the point in question was unsafe, or could have discovered it by a reasonable examination commensurate with the use to be made of the premises, and was guilty of negligence in allowing the plaintiff to moor his vessel at the unsafe place ; and unless the plaintiff is wholly free from any negligence on his part which contributed to the accident. (*Barber* v. *Abendroth*, 102 N. Y. 406 ; *Carlton* v. *F. S. Co.*, 99 Mass. 216 ; *Leary* v. *Woodruff*, 4 Hun, 99 ; 76 N. Y. 617.)

BRADLEY, J.   The purpose of the action was to recover damages for alleged injury to the plaintiffs' barge and its cargo while at the wharf of the defendant at the foot of Twenty-fourth street in the city of Brooklyn; and it was founded on the charge that the plaintiffs leased wharfage there of the defendant upon the representation of the latter that the place so let was safe, and that it had six feet of water at low tide; that the plaintiffs anchored their barge there loaded with hay and feed and tied it up to the dock; and that after it had remained there ten days, it broke away and turned over, causing the injury to the boat and the destruction of the cargo. And it is alleged that this was occasioned by the depth of the water at low tide, there being less than as represented, and by the unsafe condition of the ground beneath it.   The barge was one hundred and sixty feet in length and thirty feet in width.   And there was evidence tending to prove that the surface of the ground under the vessel sloped down outward from the dock so that at twelve or fifteen feet from it, the water was in depth six feet greater than it was four feet from the dock.   It is claimed that the low tide at the time in question caused the side of the boat near the dock to rest upon the bottom, and by reason of the slope of the ground as before mentioned the boat broke away from its fastenings and turned over, producing the injury and loss complained of.   And there was evidence tending to prove that such may have been the cause, although that was a question of fact for the jury and was submitted to them.   The court having instructed the jury that if they found that the bottom of the slip was defective or in unsafe condition, and that it was the cause of the plaintiff's loss, the further questions for them to determine were whether the defendant was chargeable with negligence and the plaintiffs free from contributory negligence, as upon the finding of the former in the affirmative and the latter in the negative, the plaintiffs' right to recover was dependent.   The plaintiffs' counsel requested the court to charge the jury that " if the defendant made the statement that

this place was all right, the plaintiffs had the right to rely on that statement." The court thereupon remarked that the jury might consider that on the question of negligence and give it such weight as they thought proper, and declined to charge that the plaintiffs had the right to rely on the statement that the place was all right or that it relieved them from the necessity of making personal examination. And upon the exception to such refusal arises the main question requiring consideration. There was some evidence tending to support the fact that such statement was made to the plaintiffs before they took the wharf. And it is urged by the plaintiffs that the liability of the defendant was not dependent upon negligence, but that upon the finding of that fact by the jury the right to recover would necessarily follow as for breach of contract, if the slip was not all right and the injury was in consequence of such condition. There was in terms no undertaking to indemnify or protect the plaintiffs against loss by reason of any condition at the wharf or in the bed beneath the water there. The defendant was not asked to do that. What was said by him on the subject was in its nature a representation, and if made in good faith he could be charged with liability as for negligence only. The plaintiffs having and assuming to maintain the dock and slip to supply wharfage of vessels for hire, was bound to keep them in suitable condition for the purpose, and for any injury or loss resulting to persons properly using them occasioned by his failure to perform his duty in that respect, he was chargeable with negligence and liability. (*Leary* v. *Woodruff*, 4 Hun, 99; 76 N. Y. 617; *Barber* v. *Abendroth*, 102 id. 406; *Carleton* v. *Franconia Iron & Steel Co.*, 99 Mass. 216.) This duty of a wharfinger requires of him diligence to give safety to the use of the wharf and its harbor by his patrons, while upon them is imposed ordinary care. And assuming that assurance was given by the defendant to the plaintiffs that the place where the barge was moored was in suitable condition and all right, they were at liberty to assume it to be so, and were justified, without

imputation of negligence on their part, to put their vessel
there without personal examination, beyond what was obvious
to ascertain whether or not it was suitable for their use, pro-
vided they correctly represented to the defendant the character
of their vessel and the depth of water requisite for it.   And if
they suffered loss by reason of a defective condition of the
wharf or slip before they had opportunity, or reason to observe
or apprehend it, and which condition the defendant knew
existed, or by proper diligence may have ascertained, he was
chargeable with the consequences.   But the plaintiffs' barge
remained there ten days before the injury, and in the mean-
time it had at low tide rested on the ground of which the
plaintiffs were advised.   The inference was justified that it
could then be easily ascertained whether, at its particular loca-
tion, as tied to the dock, the ground beneath it was, or not,
suitable for it to rest upon.   And it was in reference to the
knowledge and the means of observation during the time the
boat was at the dock that the ruling was made upon the request
to charge and the question of contributory negligence submit-
ted to the jury.   In that view it is not seen that the court was
in error.   The dock was over one thousand feet in length, and
along it, farther down than the place where the barge was
located, the water was deeper.   And as bearing upon the
question presented at the trial there was evidence on the part
of the plaintiffs that their employe, who took the vessel to the
dock, informed the defendant's superintendent before it was
anchored there, that it drew six feet of water.   There was
also evidence tending to prove that the water near the dock
at that place was, at low tide, of that and greater depth.   And
the inference was permitted that the designation of that place
as suitable for the vessel was made by such superintendent in
view of the information so received of the depth of water
requisite to float it, and that if no more than as so represented
had been required, the place may have been suitable for the
wharfage sought by the plaintiffs, and the injury may not have
been suffered.   Thus was also presented by the evidence a

question of fact not observed in the proposition which the court was requested to charge, and which so qualified the plaintiffs' right to have such proposition submitted to the jury as to support the refusal to charge it as matter of law.

There was no error in the ruling, and no exception was well taken.

The judgment should be affirmed.

All concur.

Judgment affirmed.  _____