LA BRECQUE COMPANY, INC., Appellant, *v.* EDWARD J. BARTON
LIGHTERAGE COMPANY, INC., Respondent.

First Department, February 9, 1923.

Wharves — action by owner of dock to recover for loss of goods consigned
to it caused by listing of defendant's vessel moored to dock — vessel
was docked in night time — listing occurred on ebb tide and was caused
by sand ridge in bottom of berth — no warning was given by plaintiff of
existence of ebb tide obstruction — plaintiff assured defendant of safety
of berth and dock — defendant not liable.

The owner of a vessel carrying a cargo consigned to the owner of a dock is not
liable for the loss of a part of the cargo which was caused by the listing of the
vessel while moored to the dock, where it appears that the listing was caused
by a sand ridge in the bottom of the berth on which the vessel rested at ebb
tide; that the plaintiff's manager, who made the contract for carriage, assured
the defendant that the dock was safe and that it was safe to moor there in the
night time; that neither the captain of the defendant's boat, nor the captain
of the tug which convoyed her, had used the dock before and that defendant's
vessel arrived at the dock in the night time and no warning was given to the
defendant of an ebb tide obstruction consisting of a sand ridge adjoining the
dock which, when the tide went out, would cause the vessel to list.

The defendant having received an assurance of safety was not negligent in mooring
its vessel as it did, but assuming that it were negligent in that respect, the
plaintiff contributed to the accident as a matter of law since the defendant
was impliedly or expressly invited to use the dock with an assurance of its
safety.

APPEAL by the plaintiff, La Brecque Company, Inc., from
a determination of the Appellate Term of the Supreme Court,
First Department, entered in the office of the clerk of the county
of New York on the 13th day of December, 1921, reversing a
judgment of the City Court of the City of New York in favor
of the plaintiff.

*O'Brien, Malevinsky & Driscoll* [*Arthur F. Driscoll* of counsel],
for the appellant.

*Macklin, Brown & Van Wyck* [*William Van Wyck* of counsel;
*Edward J. Dowling* with him on the brief], for the respondent.

McAVOY, J.:

Plaintiff is the owner of a bulkhead wharf or dock in the Passaic
river adjoining its factory known as the Newark Zinc Works.

It employed defendant, a lighterage concern, to carry certain
drums of methyl-acetate from Eagle Dock, Brooklyn, to plaintiff's
wharf or bulkhead. The boat was ordered by plaintiff to come
to plaintiff's dock in the Passaic river at Harrison, N. J., con-

signed to plaintiff. That dock was the bulkhead on one side of the river. At the time the contract was made plaintiff's manager, with whom it was made and who had charge of consignments, gave his assurance that the dock was " as safe for their boat as for anybody else's. Other boats have landed there," and that mooring there in the night time was safe. Neither her captain nor the captain of the tug which convoyed her had ever been over the route before, so far as the evidence discloses.

She arrived at plaintiff's dock about eleven-thirty of the night of April seventh. She was given no warning of any irregularity in the bottom of the berth where she tied up nor of the danger of the shallow water or of the tides.

No warning board was set up on the dock. There was a night watchman at the dock but he gave the boat no warning of her peril. During the night the tide ebbed and the vessel listed on a ridge of sand adjoining the bulkhead and part of the cargo of drums was thrown into the water, for the recovery of which damages are sought.

The respective contentions of the parties are: The plaintiff's: That neglect must be predicated of defendant's conduct in failing to make soundings of the conditions alongside the bulkhead before tying up so that a proper mooring was not had of the lighter which resulted in its listing when the tide went out, thus precipitating the cargo into the river. The defendant's: That the assurance of safety from the consignee, also the owner of the bulkhead wharf, that it was safe for landing absolved defendant from any duty of sounding and was also a contributorily negligent act of plaintiff's own which prevented it from recovering even though neglect could be asserted against defendant in mooring.

The duty of the owner or lessee of a dock is quite well stated in Gould on Waters (3d ed.), in section 114 of that work, quoting from *Carleton* v. *Franconia Iron & Steel Co.* (99 Mass. 216), where it appeared that the defendants procured the plaintiffs to bring their vessel to the defendants' wharf for the purpose of discharging a cargo of iron, and that while lying at the wharf the vessel settled with the ebb of the tide and was injured by a rock, of the existence and position of which the defendants had long known, but of which the plaintiffs and their employees had no notice. It did not appear that the defendants owned the soil of the dock in which the rock was embedded, but they had excavated the dock for the purpose of accommodating vessels bringing cargoes to the wharf. The court said: " It is immaterial in this case whether the danger had been created or increased by the excavation made by the defendants, or had always existed, if they, knowing of its existence,

neglected to remove it or to warn those transacting business with them against it. Even if the wharf was not public but private, and the defendants had no title in the dock, and the concealed and dangerous obstacle was not created by them or by any human agency, they were still responsible for an injury occasioned by it to a vessel which they had induced for their own benefit to come to the wharf, and which, without negligence on the part of its owners or their agents or servants, was put in a place apparently adapted to its reception, but known by the defendants to be unsafe."

And in Halsbury's Laws of England (Vol. 28, § 837) a wharfinger who for the purpose of profit to himself invites a ship to come to his wharf must give notice if there is any hidden danger attaching to the wharf or the berth alongside it, and if he has not satisfied himself that the berth alongside is reasonably fit, it is his duty to warn those in charge of the ship that he has not done so. He is also liable for the consequence of any orders given by him to the ship, if when so doing negligence can be proved against him. And in the New York case of *Vroman* v. *Rogers* (132 N. Y. 170) it was said that "assuming that assurance was given by the defendant to the plaintiffs that the place where the barge was moored was in suitable condition and all right, they were at liberty to assume it to be so, and were justified, without imputation of negligence on their part, to put their vessel there without personal examination, beyond what was obvious to ascertain whether or not it was suitable for their use, provided they correctly represented to the defendant the character of their vessel and the depth of water requisite for it. And if they suffered loss by reason of a defective condition of the wharf or slip before they had opportunity or reason to observe or apprehend it, and which condition the defendant knew existed, or by proper diligence may have ascertained, he was chargeable with the consequences." In another Massachusetts case (*Nickerson* v. *Tirrell*, 127 Mass. 236) the evidence was conflicting as to the condition of the dock in which other vessels, both larger and smaller than the plaintiff's, had safely discharged, and as to the cause of injury to the plaintiff's vessel, the bottom of which was broader than many vessels of its size and class. The case was submitted to the jury upon the issue whether the injury was attributable to want of care on the part of the defendant or of the master of the vessel. MORTON, J., in delivering the opinion of the court upon exceptions alleged by the defendant thus states the rule applicable to this class of cases: "The owner or occupant of a dock is liable in damages to a person who, by his invitation express or implied, makes use of it, for an

injury caused by any defect or unsafe condition of the dock which the occupant negligently causes or permits to exist, if such person was himself in the exercise of due care. Such occupant is not an insurer of the safety of his dock, but he is required to use reasonable care to keep his dock in such a state as to be reasonably safe for use by vessels which he invites to enter it, or for which he holds it out as fit and ready."

We think, therefore, that it having appeared that defendant was given what amounted to an assurance of safety in the matter of landing the craft, it cannot be said that it was negligent in mooring as it did. But assuming that it were neglectful in its manner of mooring, the plaintiff contributed to the accident as matter of law, if it be found that defendant was impliedly or expressly invited to use the wharf with an assurance that it was safe to land.

The judgment for plaintiff was wrong and was properly reversed at the Appellate Term, and, therefore, the determination of that court should be affirmed, with costs, and judgment absolute rendered against the plaintiff upon its stipulation, with costs.

Clarke, P. J., Smith, Merrell and Finch, JJ., concur.

Determination affirmed, with costs, and judgment absolute rendered against plaintiff upon its stipulation, with costs.