The GREAT ATLANTIC & PACIFIC TEA COMPANY, Defendant, Appellant,

v.

Miner C. PEDERSEN, Executor (by substitution), Plaintiff, Appellee.

No. 5223.

United States Court of Appeals First Circuit.

Heard June 5, 1957.

Decided July 8, 1957.

Charles W. O'Brien, Boston, Mass., with whom Brickley, Sears & Cole, Boston, Mass., was on the brief, for appellant.

William H. Diamond, Boston, Mass., with whom Harry Kisloff, Boston, Mass., was on the brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

Hilma Pedersen filed her complaint in the court below, founded on diversity of citizenship, seeking damages for personal injuries suffered by her in Essex, Maryland, on December 24, 1952. The only error pressed on appeal is the failure of the trial judge to upset a plaintiff's verdict and enter judgment for defendant notwithstanding the verdict, pursuant to motions filed by the defendant under Rule 50(b), F.R.Civ.P., 28 U.S. C.A.

On the evening of December 24, 1952, plaintiff had been a customer in defendant's store in Essex, Md. Defendant had leased a parking lot in the area east of the store, but there was also a parking lot in the rear of the store which defendant shared in common with other tenants in the building. This rear parking lot was used by the plaintiff on the evening in question.

Just before the 6:00 P.M. closing time, plaintiff came out of the front door of the store, turned right, and proceeded through defendant's parking lot at the east side of the building, in order to reach her car parked at the rear. This was the customary mode of approach to the rear parking lot. Beyond the area available for parking on the east side was a 15-inch concrete retaining wall which concealed a descending ramp that ran down into the basement of the building. This retaining wall and descending

ramp were not part of the premises demised to the defendant. However, the defendant operated three electric lights on the east wall of the building, which served to illuminate not only the parking area but also the retaining wall and the descending ramp. There was testimony to the effect that these lights had been switched off by the defendant's store manager incident to his closing up for the night, with the result that the east parking area, with which plaintiff was unfamiliar, was plunged in darkness. Plaintiff reached the retaining wall on a direct path to the parking lot at the rear of the building, and not realizing that there was a drop of about three feet on the other side of the wall, she stepped over the same and suffered injuries in a fall down the descending ramp.

We are satisfied that this was a routine case where the issues of negligence and contributory negligence were properly left to the jury. It was of course unimportant that the concealed ramp, into which the plaintiff fell, was not in the occupation and control of the defendant as lessee. As the Supreme Judicial Court stated in Carleton v. Franconia Iron & Steel Co., 1868, 99 Mass. 216, 217:

> "The owner or occupant of land is liable in damages to those coming to it, using due care, at his invitation or inducement, express or implied, on any business to be transacted with or permitted by him, for an injury occasioned by the unsafe condition of the land or of the access to it, which is known to him and not to them, and which he has negligently suffered to exist and has given them no notice of."

No doubt this is also the law of Maryland. See Am.L.Inst., Restatement of Torts § 343, comment *b*. Nor could it be held that the plaintiff was contributorily negligent as a matter of law. See Learoyd v. Godfrey, 1885, 138 Mass. 315, 324.

A judgment will be entered affirming the District Court's judgment of Oc-

tober 10, 1956, and the order of the District Court entered January 7, 1957, denying defendant's motion for judgment n. o. v.