Filed Feb. 13, 1885.

---

No. 11,254.

THE EVANSVILLE AND TERRE HAUTE RAILROAD COMPANY *v.* GRIFFIN.

NEGLIGENCE.—*Actionable when.*—An action for negligence will only lie where the defendant was under some duty to the plaintiff which he has omitted to perform.

SAME.—Where one merely permits others, for their own accommodation, to pass over his lands, he is under no legal duty to keep them free from pitfalls or obstructions which may result in injury. *Aliter,* if he invite or induce such passage.

SAME.—*Pleading.*—*Contributory Negligence.*—A complaint for negligence resulting in injury, in which it fairly appears that the plaintiff needlessly took the risk of probable danger, does not sufficiently negative contributory negligence by the averment that the injury occurred "without any negligence on the part of the plaintiff."

From the Posey Circuit Court.

*A. Iglehart, J. E. Iglehart* and *E. Taylor,* for appellant.

*W. P. Edson,* for appellee.

MITCHELL, J.—The complaint in this case charges that the Evansville and Terre Haute Railroad Company was "possessed" of a certain piece of ground lying in the western part of the city of Mount Vernon, which was uninclosed and which was traversed by a foot-path leading from the public

street to a house situate on another piece of uninclosed ground adjoining it, and which was also in the possession of the railroad company. The complaint then avers, " that there was no public street, alley or way leading from the streets and alleys of said city to said house, and that the said path was the usual way of passing to and from said house; that the defendants, being so as aforesaid possessed of said piece of ground, wrongfully permitted a deep well which was thereon and near said path to be and remain open, uninclosed, unguarded and unsafe to persons, lawfully passing along said path, whereby, on the 9th day of December, 1882, shortly after it became dark, the plaintiff, who was a shoemaker at work at his trade in said city, while lawfully passing along said path from his work to said house, where he was boarding with the occupants thereof, who were tenants of the defendants, and without any negligence on his part, accidentally passed a short distance away from said path in the night time, as aforesaid, and fell into said well and was seriously injured and permanently disabled from working at his trade, whereby," etc.

One of the errors assigned here is, that the court erred in overruling the demurrer to the complaint. Whether this complaint is good or not must depend upon a consideration of two questions:

1. Taking the facts as stated, did the railroad company, in permitting its premises to be crossed in the manner stated, and in leaving the well into which the plaintiff fell uncovered, violate any legal duty or obligation which it owed him, of which he has the right to complain? and,

2. Was the appellee in the exercise of due care when he " accidentally passed a short distance away from said path in the night time " and fell into the well?

Before it can be affirmed that the appellant was negligent, with respect to the transaction concerning which its omission is imputed to it as wrongful, it must appear that it was under some legal duty or obligation to the plaintiff, at the time when

and place where the injury occurred, which was left undischarged. If it is liable at all, this is the foundation upon which its liability rests.

The owner of premises is under no legal duty to keep them free from pitfalls or obstructions for the accommodation of persons who go upon or over them merely for their own convenience or pleasure, even where this is done with his permission. In such case the licensee goes there at his own risk, and, as has often before been said, enjoys the license with its concomitant perils.

If, however, the owner or occupant of lands, by any enticement, allurement or inducement, causes others to come upon or over his lands, then he assumes the obligation toward persons so coming, to provide a reasonably safe and suitable way for that purpose. An owner may not by invitation, either express or implied, induce another to come upon or pass over his premises, without keeping them in such condition of safety as to admit of his passing over by the means designated or prepared without injury, provided he uses due care. To make the owner or occupant liable for an injury received by one passing over his premises, something more than a mere passive acquiescence in the use of his land by others is necessary. So long as his lands are used by others, be it never so frequent, for their own convenience, he is not liable. But if, by some act or designation of his, persons are led to believe that a way or path over premises was intended to be used by travellers, or others having lawful occasion to go that way, then as to such persons the owner or occupant comes under an obligation to keep it free from dangerous obstructions or pitfalls which might cause them hurt. The inducement must be equivalent to an invitation, either express or implied; mere permission is not sufficient. *Carleton* v. *Franconia Iron and Steel Co.*, 99 Mass. 216.

It does not appear from the complaint in this case who was the owner of the *locus in quo*, the averment being that "the defendants were possessed of a certain piece of ground," and

that " the defendants, being so possessed of said piece of ground, wrongfully permitted," etc. Nor is there anything to show how long the appellant had been in possession before the injury occurred ; and while it is averred that " said path was the usual way of passing to and from said house," it is not averred that there was not another safe and convenient way which was designed by the owner as the way of approach to his house. From all that appears in the complaint, the tenant who occupied the house, and the boarders, may have habitually chosen this path for their own convenience, without any invitation or inducement from the owner, and because they and other persons usually chose that way, rather than some other which may have been, for all that appears in the complaint, designed by the owner, they can place it under no obligation to look out for their safety.

The complaint fails to show either the knowledge or permission of the appellant so to use its lands; while, as we have seen, something more than knowledge and acquiescence of the owner is necessary in order to put him under the obligation to keep the path safe.

For all that is disclosed, the tenant and his boarders, including the plaintiff, may have made the very path which he was pursuing when the injury befel him, and granting, though it is nowhere averred, that the railroad company knew of, and sanctioned, the use of its premises in this manner, this falls far short of making it liable. If it were alleged, or if it could be inferred from the complaint, that this path was in any way designed, prepared or intended by the owner as a means of approach to the house, or if it appeared by averment or inference that no other convenient way of approach, either public or private, had been prepared or designated by the owner, as a means of access to the house, the case would be entirely different ; and it would be different too, if it were a case like *Graves* v. *Thomas,* 95 Ind. 361 (48 Am. R. 727), where a path had been used as a part of the public sidewalk for such a length of time as to give the public rights in it as such.

*Lary* v. *Cleveland, etc., R. R. Co.,* 78 Ind. 323 (41 Am. R. 572); *Sweeney* v. *Old Colony, etc., R. R. Co.,* 10 Allen, 368; *Knight* v. *Abert,* 6 Pa. St. 472; 1 Thomp. Neg., p. 303, section 3, and authorities cited; *Jeffersonville, etc., R. R. Co.* v. *Goldsmith,* 47 Ind. 43; *Hargreaves* v. *Deacon,* 25 Mich. 1. We think, however, that the averments in the plaintiff's complaint do not repel the presumption of contributory negligence, or rather, that upon the facts stated in the complaint, a presumption of negligence on the part of the plaintiff arises.

He avers that he was a boarder with the occupants of the house which he was approaching at the time of the injury. Whether or not he knew of the location and condition of the well, at the time he undertook to pass, the complaint does not inform us.

Being a boarder at the house to which this path led, if the well, in an open unenclosed lot, was in such close proximity to it that it was negligence in the owner or occupant to leave it unguarded, the strong probability is that he must have discovered it, and in the absence of any averment to the contrary, we must, under all the circumstances disclosed in the complaint, presume that the appellee had as full knowledge of the existence, location and condition of the well as the railroad company had.

If he undertook to follow the course of the foot-path at night, knowing of the location and condition of the well, and by reason of the darkness, or other cause, missed the path and fell into the well, he can not recover, for the reason that it was negligence to take the risk. *Bruker* v. *Town of Covington,* 69 Ind. 33 (35 Am. R. 202), and authorities there cited.

There is no statement in the complaint of the distance from the path to the well; no statement that either of the parties knew or were ignorant of its existence. If we are to assume that it was so far from the path that the boarder, who usually pursued that way to the house, did not or could not see it,

then we may also assume that the railroad company could not reasonably apprehend that any necessity existed for guarding against any one straying so great a distance from the path into the well.

The averment that the appellee, "without any negligence on his part, accidentally passed a short distance away from said path, in the night time, as aforesaid, and fell into said well," without an averment that he was not aware of the location and condition of the well, does not rebut the presumption that he was not cognizant of both, and if he knew of the situation of the well, no matter how careful he was to avoid it, he made the attempt to do so at his own risk. *Riest* v. *City of Goshen*, 42 Ind. 339; *President, etc.*, v. *Dusouchett*, 2 Ind. 586; *Bruker* v. *Town of Covington*, *supra*, and cases cited.

The judgment is reversed, with costs, with directions to the court below to sustain the demurrer to the complaint.

Filed Feb. 13, 1885.