Faris *v.* Hoberg *et al.*

Filed April 20, 1893.

───────◆───────

No. 16,156.

FARIS *v.* HOBERG ET AL.

NEGLIGENCE.—*Injury While on Premises of Another.*—*Injured Person a Mere Licensee.*—*Owner of Premises not Liable.*—Where a person went upon the premises (a store-house) of another, not for the purpose of trade or any other business connected with said house, but solely for the purpose of looking for a drayman, and, while on the premises, fell into an open elevator shaft, and was injured, such person not being on the premises by invitation, express or implied, but solely for his own benefit, and by permission of the owner, was a licensee, who, with the license, assumed the risks incident thereto, and to whom the owner owed no duty of protection.

SAME.—*Essential Elements Necessary to Constitute Actionable Negligence.* —In every case involving actionable negligence, there are necessarily three elements essential to its existence: 1. The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains. 2. A failure by the defendant to perform that duty. 3. An injury to the plaintiff from such failure of the defendant. And the absence of any one of these elements from either the complaint or the evidence renders the same insufficient.

SAME.—*Instructing Jury to Find for Defendant.*—*When Permissible.*— Where the plaintiff fails to establish all of the essential elements of actionable negligence, the court may instruct the jury to return a verdict for the defendant; but this can only be where, as to an essential element, there is a total failure of proof, or as to which the evidence is not conflicting, but free from dispute, and as to which the jury has no office to perform.

From the Vigo Superior Court.

*I. N. Pierce, J. G. McNutt* and *S. R. Hamill,* for appellant.

*S. B. Davis, J. C. Robinson* and *G. M. Davis,* for appellees.

HACKNEY, J.—The appellant prosecuted this action in the court below for the recovery of damages in the sum of twenty thousand dollars, alleged to have been sustained by falling into an open elevator shaft upon the premises of the appellees. The issue was joined by a general denial, and in the submission of the cause the court instructed the jury to return a verdict in favor of the appellees. This action of the court is here submitted for review.

The appellees were retail merchants in the city of Terre Haute, their store-house fronting on Wabash avenue and extending north one hundred and forty-one feet and ten inches, with an alley on the west sixteen feet in width. In the northwest corner of the building, on the first floor, was a freight room extending north and south eighteen feet and eleven inches, and being seven feet and eleven inches in width. To this room double doors opened from said alley, and immediately south of this room was the shaft of the freight elevator (where the injury was sustained), occupying the full width of said freight room. Immediately south of the elevator was a vestibule entrance to the store room. To the elevator shaft was an entrance, on the south, of four feet in width by seven feet in height, and a like entrance from the freight room, four feet and nine inches wide, and directly opposite the entrance from the sales room. The vestibule entrance to the sales room opened immediately south of the west side of the sales room entrance to the freight elevator, and from this entrance one could pass behind a dry goods counter, on the right, into

the elevator shaft at the left, or around a large table laden with goods and through a narrow opening between said table and said counter to that part of the sales room devoted to the walks for customers between the counters.

On the alley, and next to the store house, was a walk of stone flagging, thirty inches wide, sixty-eight feet and ten inches long, and extending north from Wabash avenue. From the north end of this walk to the vestibule entrance it was forty feet and two inches, without paving.

On the occasion of appellant's visit to appellees' store room, he was seeking a drayman to haul some of his goods, not connected with appellees' business, and learning that John Burns, the owner of a transfer wagon, was in the rear of appellees' store, .went to the alley and saw the wagon at the entrance to the freight room. Going up the alley, he could not see Burns, and presuming that he was in the building, stepped in at the vestibule entrance. He immediately turned facing the two openings to the elevator shaft, and seeing some person in the freight room, asked for the drayman and received an answer from the freight room that he was in there. At once appellant started into the freight room through said openings and fell through the shaft, neither of the openings to which was guarded or protected by barriers.

All of the foregoing facts are undisputed.

There are some controverted facts as to the character of lights near the shaft and as to the extent of the darkness within the shaft, facts, from the appellant's theory of the case, essential to the charge of negligence against the appellees. There were also controverted facts as to appellant's vision having been so obscured by the sudden change from the bright sunlight without and the softer lights and the shadows within the building, and probably as to other matters, but all having reference to

the question of contributory negligence on the part of the appellant.

Numerous authorities are cited, by the appellant, to the proposition that in a case involving questions of negligence, the court is not at liberty to take such questions from the jury, but must leave them to the jury for decision. Of the cases so cited are *Indiana Car Co.* v. *Parker*, 100 Ind. 181; *Koerner* v. *State*, 98 Ind. 7; *Weis* v. *City of Madison*, 75 Ind. 241; *Crookshank* v. *Kellogg*, 8 Blackf. 256, and Elliott's Work of the Advocate, 686.

These cases all belong to that class where a question of fact is controverted, and that question is one necessary to plaintiff's recovery, or essential to the defendant's proper defense. None of them hold that the jury are the exclusive judges of the existence or nonexistence of negligence as an ultimate fact. A moment's reflection will show the error of a rule which would deprive the court of the right to determine whether a given state of facts —uncontroverted—does or does not constitute actionable negligence. When the facts are submitted to the court upon demurrer to a complaint, the court exercises the power of determining whether such facts, if proven, will constitute actionable negligence. When, under the practice prevailing, the jury does not return a general verdict, but returns findings of fact by special verdict, the court must determine whether the facts so found are sufficient to warrant the conclusion of the existence of negligence. When, during the trial, the court is called upon to instruct the jury, there is, that we now recall, but one limitation upon the duty to charge that a given state of facts, if found by the jury to exist, does or does not authorize the finding of negligence, and that exception is where the facts, clearly established, are such that one man, impartial and of good judgment, might reasonably infer that negligence existed, while another man, equally

sensible and impartial, might reasonably infer that proper care had been used.   Upon such facts it is the province of the jury to adjudge the existence or nonexistence of negligence.   *Ohio, etc., R. W. Co.* v. *Collarn*, 73 Ind. 261. The case in hand is not of that class.   If it were otherwise, the purpose of the charge to the jury would be thwarted, and that which is designed for the instruction of the jury upon matters of law, where it is supposed the members have not the special knowledge possessed by the judge, would be but a useless ceremony, and the jury· would be given the arbitrary and uncontrolled power to determine what facts, however important or however trivial, should constitute actionable negligence.   In the progress of the trial, the court determines the admissibility of evidence as having or as not having a tendency to prove negligence, and it may not be said that in so doing the functions of the jury are usurped by the court.

Some of the authorities cited expressly recognize the existence of cases where the court may take the question from the jury.

In *Weis* v. *City of Madison, supra,* p. 254, it is said: "There are cases where the court may rightfully direct a verdict.   A judge is not bound to submit a question to a jury, where their verdict, if contrary to his views of the testimony and its legal effect, would be certainly set aside, as clearly against the law and the evidence. *Dryden* v. *Britton*, 19 Wis. 31; *Godin* v. *Bank, etc.*, 6 Duer, 76; *Lone* v. *Old Colony, etc., R. R. Co.*, 14 Gray, 143; *Improvement Co.* v. *Munson*, 14 Wal. 442; *Jewell* v. *Parr*, 13 C. B. 909; *Parks* v. *Ross*, 11 How. 362; *Pleasants* v. *Fant*, 22 Wal. 116; *Dodge* v. *Gaylord*, 53 Ind. 365 (377)."

In *Indiana Car Co.* v. *Parker, supra,* it is said: "There are, no doubt, cases where the court will determine the

'question of contributary negligence, but this is not one of them.'' The opinion then proceeds in setting forth the facts in dispute, which facts were there held to be essential to a conclusion of negligence.

The case of *Koerner* v. *State, supra,* holds that the court has not the right, in charging the jury, to assume the existence of some essential fact. But it is said ''where the existence of a fact is established without any conflict, contradiction or dispute,'' it is not error to assume the existence of such fact.

In the Work of the Advocate, *supra,* Judge Elliott says: ''Where the plaintiff wholly fails to make out a case, the defendant is entitled to an instruction directing the jury to return a verdict in his favor. If the evidence of the defendant entirely answers and overthrows that of the plaintiff, not leaving him a *prima facie* case, the former is entitled to an instruction requiring the jury to give him the verdict. On the other hand, if the defendant's evidence wholly fails to meet that of the plaintiff, or to establish any affirmative defense, it is the plaintiff's right to have the jury so instructed. Neither party is, however, entitled to such an instruction where there is a conflict of evidence *upon a material point.*''

Is this a case where, under the rules quoted from the authorities cited by the appellee, the court had the right to direct a verdict for the defendant?

In every case involving actionable negligence, there are necessarily three elements essential to its existence: 1. The existence of a duty on the part of the defendant to protect the plaintiff from the injury of which he complains; 2. A failure by the defendant to perform that duty; and, 3. An injury to the plaintiff from such failure of the defendant.

When these elements are brought together, they unitedly constitute actionable negligence. The absence

of any one of these elements renders a complaint bad or the evidence insufficient.

As a question of evidence, the facts are given to the jury, and if there is no evidence whatever as to one of the three elements, then, as a question of law, the plaintiff has failed, and the court may direct a verdict for the defendant. Or if there has been evidence as to one of the three elements, and that evidence is not conflicting, but is free from dispute, the jury has no office to perform in reconciling a conflict, and if left to return a verdict, and it should be for the plaintiff, the court would, if the unconflicting evidence of that one element was not sufficient to establish the element, set aside the verdict as not supported by the evidence. If, before the retirement of the jury, the court shall see that the evidence, so without dispute, is insufficient to prove the one element to which it is addressed, the court may direct the verdict, because a finding for the plaintiff would not be supported by the evidence.

If this case is with the appellees, it must be because the appellant failed to establish one of the elements essential to the conclusion of actionable negligence, by evidence free from such conflict, as required the jury to weigh it and adjust the differences between witnesses, or because, giving the whole evidence the most favorable construction, and the most favorable yet reasonable inferences in his behalf, it fails to establish the element in question. *Mann* v. *Belt R. R. and Stock Yard Co.*, 128 Ind. 138; *Louisville, etc., R. R. Co.* v. *Schmidt*, 134 Ind. 16, and cases therein cited.

Taking the undisputed facts as we have stated them, and according to them all reasonable inferences in appellant's favor, the first inquiry naturally suggesting itself is, did the appellees owe to the appellant a duty to protect him from the dangers of the open elevator shaft?

In the *Evansville, etc., R. R. Co.* v. *Griffin*, 100 Ind. 221, it was held that "the owner of premises is under no legal duty to keep them free from pitfalls or obstructions for the accomodation of persons who go upon or over them merely for their own convenience or pleasure, even where this is done with his permission. In such case the licensee goes there at his own risk, and, as has often before been said, enjoys the license with its concomitant perils."

Again, in *Thiele* v. *McManus*, 3 Ind. App. 132, it is said: "A complaint for personal injury through negligence must show a legal duty or obligation of the defendant toward the person injured, existing at the time and place of the injury, which the defendant failed to perform or fulfill, and that the injury was occasioned by such failure. *Sweeny* v. *Railroad Co.*, 10 Allen, 368; *Evansville, etc., R. R. Co.* v. *Griffin*, 100 Ind. 221 (50 Am. R. 783); *City of Indianapolis* v. *Emmelman*, 108 Ind. 530. Such a duty arises out of some relation existing at the time between the person injured and the defendant, which the complaint by the averment of facts should show. The owner or occupant of premises is not under any legal duty to keep them free or safe from the danger of obstructions, pitfalls, excavations, trap-doors or openings in floors for persons who go upon, into or through the premises, not by his invitation, express or implied, but for their own pleasure or convenience, though by his acquiescence or permission, and who, therefore, are mere licensees. Such a visitor enjoys the license subject to the attendant risks. *Evansville, etc., R. R. Co.* v. *Griffin, supra; City of Indianapolis* v. *Emmelman, supra; Sisk* v. *Crump*, 112 Ind. 504; *Indiana, etc., R. W. Co.* v. *Barnhart*, 115 Ind. 399; *Penso* v. *McCormick*, 125 Ind. 116; *Schmidt* v. *Bauer*, 22 Pac. R. 256; *Holmes* v. *Northeastern R. W. Co.*, L. R., 4 Exch. 255; *Mathews* v. *Bonsel*, 51 N. J. L. 30.''

Faris *v.* Hoberg *et al.*

The case before the Appellate Court was a stronger case for the injured plaintiff than is the case now before this court.   It was shown that the plaintiff fell through a hatchway located in that part of the store room used as a walkway and where the customers of the defendant would and did naturally go in trading and inspecting their goods.   It is not shown that the plaintiff was one of the class of persons invited to visit the premises, though it is alleged in the complaint that she was "properly and necessarily in said building, without fault on her part."   Of this the court said:   "If this be considered sufficient to show that the appellee was not a trespasser, it can not be regarded as showing that she was in the place of danger, by the invitation of the appellants, or as showing more than that she was a mere licensee."

We regard the case just quoted as stronger than the case before us, for the reason that the hatchway through which the injury was sustained was located in the walkways provided for customers, and not, as in this case, behind a counter, and as a connection between the room to which customers were invited and a freight room, to which there is no evidence  and no reasonable inference that the appellant was invited.   It is not a natural inference that an invitation, express or implied, to visit the store as a customer carried with it the privilege of entering the store from an alley and of going into a freight room separated by walls and cut off from the sales room by the freight elevator.   There is no claim that there was an express invitation to appellant to visit the store, to enter through the alley, or to go into the freight room.   There is no reason to infer from any evidence in the cause, or from any claim of counsel for appellant, that he could any more presume upon the right of a customer

in going into the freight room than into the private office or behind the sales counter of the appellees.

An injury sustained from defective machinery, by one visiting a coal shaft to secure employment, was held to create no liability, the visitor being only a licensee. *Larmore* v. *Crown Point Iron Co.*, 101 N. Y. 391, 4 N. E. Rep. 752.

In *Converse* v. *Walker*, 30 Hun, 596, it was held that one who took refuge in a hotel to escape a thunder storm, and was injured by a defective balcony, was but a licensee, and could not recover.

*Bedell* v. *Berkey*, 76 Mich. 435, was an action for an injury sustained in falling into an elevator shaft upon the defendant's premises, a store room, and it was held that although the plaintiff visited the store on business, if he strayed about over the premises at his own will, peering into dark recesses, he was bound to look out for his own safety.

The case of *Trask, Admr.*, v. *Shotwell*, 41 Minn. 66, is one in most respects like the case under consideration, but in the one respect of the injured person having business upon the premises in connection with the proprietors, much stronger than this case. The plaintiff bought goods of a wholesale firm, and sent his nephew after them; when the messenger arrived he was directed to the alley door of the shipping room, and, arriving there, knocked, and the door was opened; he then gave directions to the teamster, closed the door, and walked into the building, and, passing about, fell into the elevator shaft and sustained injuries from which he died. It was held that the defendants owed no duty to the deceased to keep the freight elevator guarded, and that the court did not err in directing a verdict for the defendants.

In *Indiana, etc., R. W. Co.* v. *Barnhart, supra*, it is said by this court: "Where a person has a license to go

upon the grounds or the enclosure of another, he takes the premises as he finds them, and accepts whatever perils he incurs in the use of such license. But when the owner or occupant, by enticement, allurement or inducement, whether express or implied, causes another to come upon his lands, he then assumes the obligation of providing for the safety and protection of the person so coming, and for any breach of duty in that respect such owner or occupant becomes liable for any injury which may result to the person so caused to come onto his lands. The enticement, allurement, or inducement, as the case may be, must be the equivalent of an express or implied invitation. Mere acquiescence in the use of one's lands by another is not sufficient.'' Many authorities will be found cited by the court in support of the propositions we have quoted.

In the case in review, there is no claim of an express invitation, and we can not imply an invitation to the appellant to there search for a drayman, from the mere fact that appellees were engaged as merchants, with their doors thrown open to purchasers, or, possibly to those who go

> '' From shop to shop
> Wandering, and littering with unfolded silks
> The polished counters.''

Judge Charles A. Ray, formerly of this court, in his excellent work on the Negligence of Imposed Duties (pp. 18, 19), says: ''The keeper of a public place of business is bound to keep his premises, and the passage ways to and from them, in safe condition, and use ordinary care to avoid accidents or injury to those properly entering upon his premises on business. But this rule only applies to such parts of the building as are a part of, or used to gain access to, or constitute a passage way to and from, the business portion of the building, and not to

such parts of the building as are used for the private purposes of the owner, unless the party injured has been induced by invitation or allurement of the owner, express or implied, to enter therein.''

In *Bennett* v. *Railroad Co.*, 102 U. S. 577, it is said, on page 584: ''It is sometimes difficult to determine whether the circumstances make a case of invitation, in the technical sense of that word, as used in a large number of adjudged cases, or only a case of mere license. 'The principle,' says Mr. Campbell, in his treatise on Negligence, 'appears to be that invitation is inferred where there is a common interest or mutual advantage, while a license is inferred where the object is the mere pleasure or benefit of the person using it.' '' While this case is cited with approval in *Indiana, etc., R. W. Co.* v. *Barnhart, supra,* we need not fully approve this distinction, for here the appellant went upon the premises on business wholly his own; his entrance was through an unusual passage; the injury was sustained while entering a part of appellees' premises not shown to have been frequented by customers or visitors, and his presence is not shown to have been known to, or observed by, appellees. Nor is it necessary for us to hold, as appellees insist, that appellant was a trespasser. If only a licensee, the rule, properly applied, precludes recovery.

We find no error in the direction of a verdict for the appellees, and the judgment of the lower court is affirmed.

Filed April 20, 1893.