INDIANA RAILWAY COMPANY *v.* FEIRICK.

[No. 19,463.   Filed May 27, 1902.]

RAILROADS.—*Passenger Put Off at Wrong Point.—Trespasser.—Complaint.*—In an action against an electric railroad company, the complaint alleged that plaintiff, being a passenger on defendant's road, with the route of which he was not familiar, told the conductor where he desired to get off, and, relying upon the information received from the conductor, got off at the wrong point; that not knowing any other way to reach his destination, he started on foot along defendant's right of way; that while proceeding with due care, he "struck his foot against a stake that defendant's agents or employes had carelessly and negligently left sticking above the ground," and was injured, and that plaintiff's injury was "wholly from the aforesaid carelessness." *Held,* that, since the complaint did not aver that plaintiff was wrongfully put off the car, it based the action upon the negligent obstruction of the road, and was not sufficient to withstand a demurrer.

From St. Joseph Circuit Court; *L. Hubbard,* Judge.

Action by John Feirick against Indiana Railway Company. From a judgment for plaintiff, defendant appeals. Transferred from the Appellate Court, under §1337u Burns 1901. *Reversed.*

*A. L. Brick, D. D. Bates* and *S. McKibben,* for appellant. *V. C. Hastings* and *F. Woodard,* for appellee.

Hadley, J.—Suit by appellee to recover damages for personal injuries alleged to have been caused by appellant. It is averred in the complaint that the defendant is a railroad corporation, and owns and operates a trolley railroad between South Bend, in St. Joseph county, and Goshen, in Elkhart county, upon which, as a common carrier, it transports passengers for hire to and from the cities and towns, and to and from a highway known as the "County Line Road Crossing", and other highway crossings along its line, where passengers desired to get on and off its cars. The complaint then proceeds: "That at about 6:30 o'clock in the afternoon of February 24, 1900, plaintiff entered one of the defendant's cars at the said city of Goshen, as a passenger from Goshen to the aforesaid and described 'County Line Road Crossing', and told the conductor in charge of said car that his destination was the aforesaid 'County Line Road Crossing', paid to the said conductor the amount demanded by him for transportation to the place where plaintiff desired to go. The plaintiff was a stranger along the route of defendant's line, and dependent upon the knowledge of defendant's agent or conductor in charge of said car as to the location of said road crossing, and told the conductor of his desire to get off at the aforesaid crossing, and the conductor agreed to tell plaintiff when the car arrived at the place where plaintiff desired to stop; plaintiff depended upon the defendant's conductor to notify him of the arrival of the car at the aforesaid place. Some time after the car had passed through the city of Elkhart on its way to plaintiff's destination, the said conductor came to plaintiff and informed him that the car had arrived at the place where plaintiff desired to stop, and plaintiff relied on the conductor's statement, and acted in accordance with his invitation, and went to the rear end of the car and stepped off onto the ground. The car passed on to its destination, the said city of South Bend. After plaintiff had alighted and the car had passed on, plaintiff discovered that

he had been put off at the wrong road crossing, and at a point where he was an entire stranger and entirely unacquainted. It was a very cold night, and dark and stormy, and plaintiff did not know where he was, except that he was east of the point where he wanted to stop, and did not know of any other route to the said point. He proceeded west along the line of said street car company, with all due care and caution, toward the said 'County Line Road Crossing', and, while passing along the said line with all due care and prudence, he struck his foot against a stake that defendant's agents or employes had carelessly and negligently left sticking above the ground four or five inches, and was thrown to the ground, greatly lacerating, bruising, breaking, and permanently injuring plaintiff's knee. Plaintiff further avers that he did not know of any other route to pursue after he had been put off of the car, nor could he have known of any other, under the circumstances, and that he did not know said stake was placed where it was, but that all of said injuries, disabilities, pains, and sufferings were caused wholly from the aforesaid carelessness, wantonness, and negligence of defendant. Plaintiff further avers that, by reason of said negligence, he has been badly and permanently injured," etc. Appellant's demurrer to the complaint was overruled. Answer, the general issue. Trial by jury. Verdict and judgment for appellee. The view we have taken of the complaint makes it unnecessary further to state the contents of the record.

The theory of the pleader is obscure. From the nature of the action it cannot be treated as a suit for damages for a breach of contract of carriage. *Cincinnati, etc., R. Co.* v. *Eaton,* 94 Ind. 474, 478, 48 Am. Rep. 179. It must be regarded as an action sounding in tort, and the debated question is whether the tortious act complained of is appellant's dereliction of duty as a common carrier, in causing appellee to leave its car at the wrong place, or appellant's negligent obstruction of its railroad, whereby appellee was injured

while walking over it.  In deciding the question, we must construe the complaint by the sense usually imported to its terms, and not by what appellee now asserts to be his meaning.  Thus construing it, it will be observed that appellee makes no complaint about being discharged at the wrong place, nor of the manner of his discharge.  He does not aver that the act of the conductor which induced him to leave the car was either negligent or wrongful; nor does he use any other epithet to characterize his discharge as being otherwise than rightful.  Neither does he state, nor ask for any damages by reason thereof.  But all the averments concerning his taking passage on the car, his place of destination, his want of knowledge of the route, the circumstances of his leaving the car, are mere recitals of the same class, as matter of inducement, to show that he was rightfully on the railroad, when, while proceeding "with all due care and prudence, he struck his foot against a stake that defendant's agents or employes had carelessly and negligently left sticking above the ground four or five inches, and was thrown to the ground, greatly lacerating, bruising and permanently injuring the plaintiff's knee."  And he specifically avers "that all of said injuries, disabilities, pains, and sufferings were caused *wholly* from the aforesaid carelessness, wantonness, and negligence of the defendant."  He further says "that by reason of said negligence he has been badly and permanently injured", etc., and by reason thereof has been damaged in the sum of $2,000.

Our attention is called to the rule that requires the character of a pleading to be determined from the facts stated, and not from the epithets employed.  But this rule will not permit us to carry qualifying terms from one subject to another to meet the varying fortunes of a lawsuit.  Appellee had the right to predicate his action upon the delinquency of appellant in causing him to leave the car at the wrong place, or upon the wrong of the company in leaving its roadway obstructed in a manner dangerous to footmen, or upon both

grounds. But under the most liberal rules of construction, we cannot assume that he intended to base his case upon both, when he fails to complain of the one, and expressly avers that the other was wrongful, and the sole cause of the injuries for which he seeks to recover. The case cannot, therefore, be brought within the rule contended for,—that whoever does an illegal or wrongful act is answerable for all the consequences that ensue in the ordinary and natural course of events, though those consequences be immediately and directly brought about by other intervening agencies.

Under the complaint as it stands, we must assume that the discharge of appellee from the car was satisfactory to him or justifiable. If satisfactory or justifiable, then the company's duty to him as a common carrier was performed when he left the car safely. And as he stood upon the crossing, after the departure of the car, in the absence of any showing to the contrary, his relation to the company was the same as that of a stranger. This being so, when he took up his journey on the company's private railroad, without invitation, he did so with no greater rights than an ordinary licensee, taking upon himself all the perils that were incident thereto. "The owner of premises," says Mitchell, J., in *Evansville, etc., R. Co.* v. *Griffin,* 100 Ind. 221, 50 Am. Rep. 783, "is under no legal duty to keep them free from pitfalls or obstructions for the accommodation of persons who go upon or over them merely for their own convenience or pleasure, even where this is done with his permission. In such case the licensee goes there at his own risk, and, as has often before been said, enjoys the license with its concomitant perils." To the same effect, see *Faris* v. *Hoberg,* 134 Ind. 269, 39 Am. St. 261; *Lingenfelter* v. *Baltimore, etc., R. Co.,* 154 Ind. 49; *Cannon* v. *Cleveland, etc., R. Co.,* 157 Ind. 682.

The complaint states no cause of action.

Judgment reversed, and cause remanded, with instructions to sustain appellant's demurrer to the complaint.