Hoffheimer, J.;
Ferrts, J., and Murphy, J., concur.
Plaintiff in error was plaintiff below and defendant in error defendant below. The action was for damages. Plaintiff’s decedent was employed by the City & Suburban Telephone Association, and was injured by coming in contact with one of defendant’s -wires, attached to a pole of defendant, upon which he had climbed in an endeavor to repair wires of the telephone company, which -were strung above the -wires of defendant company.
The wires of the telephone company -were in no way attached to or in contact with defendant’s pole. It -was further claimed that plaintiff’s decedent was on the pole of defendant according to a usage or custom of the telephone company employes, which custom was established by consent and with the knowledge of defendant. Defendant -was charged with negligence in the location of their poles and -wires and in failure to maintain proper in *527 sulation, in violation of the city ordinance and general law. Such was, in substance, the allegation of the petition. Defendant below interposed a general demurrer, which, upon consideration, the court below sustained and entered up judgment for defendant company. To such action of the court error is prosecuted.
As negligence necessarily implies a duty to exercise care (Elster v. Springfield, 42 O. S., 101), there can be no charge of negligence against one who does not owe the duty. The negligence with which defendant company stands charged consists in failing to properly observe a certain city ordinance (No. 4285) prohibiting the erection of electric and telephone wires on the same side of the street, and failing to insulate its electric wires and tie wires, and also failure to observe duties imposed, independently of the ordinance, by Section 3471-3, Revised Statutes of Ohio, which requires that wires for power and light purposes shall be insulated with a water-proof insulation, and that the poles and wires shall be so located as not to interfere with the successful operation of existing telephone wires.
Neither the ordinance nor the statute referred to, nor indeed the common law, imposed any duty on defendant company, as far as the decedent was concerned, because the decedent was not of the class for whose protection and benefit the ordinance and statute were intended. If the decedent, as one of the general public and while rightfully upon the street, had suffered injury because of the failure to observe the requirements of the ordinance and statute, a different rule would apply. But as he^was, at best, a mere licensee, it can not be said that a right was created in his favor with a corresponding duty on defendant’s part, the failure to observe which could be made the predicate of actionable negligence. It was upon this theory that the court below sustained the demurrer and gave judgment for the defendant, and with that ruling we are in accord (see opinion of court below, 3 O. L. R., 546). It is scarcely necessary to add to that which the court below has said, except to say that the cases to which we are cited by plaintiff in error are of no avail under facts as, here presented. They are eases *528 where the persons injured were of the class to whom a duty was owing; they are cases of persons who, when injured, were in a place where they had a legal right to be. In the instant case, as already stated, decedent was a bare licensee; he was not within the protective intent of either the ordinance or the statute; and as he climbed the pole of defendant company, without special invitation, or inducement, but was there, admittedly, by mere permission only, “he assumed risks which arise from concomitant conditions.”. Ry. Co. v. Allen, 64 O. S., 183, 192; Ry. Co. v. Kinz, 68 O. S., 210, 222.
Thomas L. Michie, for plaintiff in error.
Ouicalt & TIickenlooper, for defendant in error.
The distinction is clearly stated in Sweeney v. Ry. Co. (10 Allen, 372). In that case the court said:
“A licensee, who enters by permission only, without any enticement, allurement or inducement being held out to him, by the owner or occupant, can not recover for injuries caused by obstructions or pitfalls.”
The principle is cited approvingly in Railway Company v. Bingham, 29 O. S., 364, in which the court said (page 371) : “An implied license to enter a depot creates no additional duty upon the part of the company as respects the safety of the.building entered,” and accordingly the company was held not liable for injuries to a licensee at its depot, And the court then go on to sajr that “the inducement spoken of must be equivalent to an invitation to enter.” See, also, Ry. Co. v. Workman, 66 O. S., 509, 539; Baris v. Hoberg, 134 Ind., 269.
Plaintiff below did not plead any inducement by way of special invitation to climb said pole, but relied on mere permission only.. Consequently he is clearly within the principle of these cases.
Judgment affirmed, with costs.