STERN v. MILLER.

(Supreme Court, Appellate Term. June 30, 1908.)

1. NEGLIGENCE—CONDITION OF PREMISES—CARE AS TO LICENSEES.

    While an owner of premises, who expressly or by implication invites a person to come upon his premises, cannot permit anything in the nature of a snare to exist in the premises, and is liable for injuries to a person so invited resulting therefrom, where such person is not himself guilty of contributory negligence, if he gives a mere license or permission

to enter upon his premises, the licensee takes the risk of accidents which may result from the condition of the premises.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, §§ 42–44.]

**2. LANDLORD AND TENANT—DEFECTIVE CONDITION OF PREMISES—INJURIES TO THIRD PERSONS—ACTIONS—PLEADING.**

While an allegation in a complaint for personal injuries that plaintiff was "lawfully" on defendant's premises does not ordinarily imply that she was more than a mere licensee, the complaint will be held sufficient, where it appears that the injury resulted from a dangerous defect in the floor of the hallway in a building owned by defendant, which was in the use and occupation of his tenants.

**· 3. PLEADING—DEMURRER—CONSTRUCTION.**

Pleadings must be liberally and favorably construed on demurrer, and a complaint will be deemed to state all that can be reasonably inferred from its allegations tending to set forth a cause of action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, §§ 66–75, 555.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Mary Stern against Michael Miller. From a judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Bertrand L. Pettigrew, for appellant.
Emmanuel A. Eichner, for respondent.

PER CURIAM. The action is for damages for personal injuries sustained by the plaintiff on the premises of the defendant, which, as stated by defendant, was a factory building leased out to different tenants. The complaint sets forth that the defendant was the owner in fee simple of the premises, No. 297 Cherry street, in the borough · of Manhattan, New York City; that he was in possession and in control of the same, and had the care, management, and control of the hallways and stairs on the said premises; that—

"on or about the 16th day of March, 1908, while the plaintiff was lawfully, carefully, and properly passing along and over the said hallway, and while on her way to go up to the third floor in said premises hereinbefore mentioned, plaintiff stepped into a hole in the floor of the hallway of the second floor, and right in front of the stairway, and while she was about to go up to the stairway leading to the third floor her foot caught into the said hole of said floor, and which said broken floor was loosened from its position, whereby the · plaintiff, without warning or notice, and through the carelessness and negligence of the defendant, fell into said hole hereinbefore mentioned."

She goes on to state that she sustained her injuries solely through the negligence of defendant, his agents, servants, and employés, in permitting the said hole to "be and remain in an unsafe, defective, and dangerous condition," and in not having the same properly guarded, and in failing to comply with the code of ordinances of the city of New York, and that defendant had notice of its dangerous condition. The defendant contends that the complaint, on the face of it, does not allege sufficient facts to constitute a cause of action, inasmuch as there was nothing therein to show whether plaintiff was anything

more than a mere licensee on the premises at the time of the accident, and that, if she were a mere licensee, she could not recover under the law on that subject in this state, and that it does not show that defendant, by any act of his, or of his agents or servants, held out to the plaintiff an express or implied invitation to enter and be upon said premises.

The rule is that, when the owner of premises expressly or by implication invites a person to come upon his premises, he cannot permit anything in the nature of a snare, such as the hole in the floor mentioned in the complaint herein, to exist on such premises, which results in injury to the person who avails himself of such invitation, and who is exercising at the time ordinary care, without the owner becoming answerable for the consequences. If, however, he gives a mere license or permission to enter upon his premises, the licensee takes the risk of accidents in going upon the premises in the condition in which they are. Beck v. Carter, 68 N. Y. 283, 292, 23 Am. Rep. 175; Evansville, etc., R. R. Co. v. Griffin, 100 Ind. 221, 50 Am. Rep. 783.

The complaint states that plaintiff was "lawfully" on the premises; but, even if a mere licensee, she might still be "lawfully" on the same, and yet take the risk of accident in going upon the said premises in the condition in which they then were. Nevertheless, pleadings must be liberally and favorably construed on demurrer, and the complaint will be deemed to state all that can be reasonably inferred from its allegations tending to set forth a cause of action. The premises in question were not vacant or inclosed land, over which no express, presumptive, or implied invitation to pass was given by the owner; but it was a building in use and occupation, into which visitors or those having business therein were by implication invited by the owner, and such people had a right to assume, in the absence of sufficient evidence to the contrary, that the hallways and stairs were in a reasonably safe condition and that no such snare as the hole in question existed.

The interlocutory judgment overruling the demurrer should be affirmed, with costs.