TYLER *v.* NOLEN D/B/A NOLEN PLUMBING AND HEATING

[No. 1168A186. Filed June 16, 1969. No petition for rehearing filed.]

*David S. Stevens, Nick T. Stepanovich,* of East Chicago, for appellant.

*Spangler, Jennings, Spangler & Dougherty,* of Gary, and *Chester, Clifford, Hoeppner & Houran,* of Valparaiso, for appellee.

LOWDERMILK, P. J.—Plaintiff-appellant brought an action against defendant-appellee to recover damages for personal injuries sustained as a result of appellant's falling down an open stairway in a building owned by the appellee. The acts of negligence as alleged in appellant's complaint are:

"(3) That at the time aforesaid, there was a stairway leading from the first floor of said premises to the basement, and at the top of said stairway there was located a safety gate which was not closed, fastened or otherwise secured.

"(4) That on said day, Defendant, well knowing the condition of the premises, negligently left the aforesaid stairway unguarded, unlighted and without any sign or warning, in consequence whereof, Plaintiff, while on said premises, fell down said stairway.

"(5) That at the time, the aforesaid stairway was negligently designed, maintained or constructed."

Appellee filed his answer in three paragraphs, the first being in general denial and the remaining paragraphs alleging the defenses of incurred risk and assumption of risk.

At the close of appellant's evidence, the appellee filed his motion for a directed verdict which motion was granted by the trial court.

The jury then rendered a verdict in favor of appellee and judgment was entered thereon. Appellant thereafter filed her motion for new trial which, in substance, alleges that the trial court erred in sustaining appellee's motion for directed

verdict and instructing the jury to find for appellee. The motion was overruled and this appeal followed.

Summarizing the facts most favorable to the appellant, the record discloses that one Helen Pollack, who resided on the second floor of appellee's business premises occasionally cleaned appellee's offices and place of business. On some occasions the said Helen Pollack, when she was unable to work, would employ the appellant to clean appellee's offices and would pay appellant $5 or $10 for this work out of her own funds, which arrangements were known by appellee and adhered to by him.

On the day of appellant's injuries she was in the course of cleaning the offices at the request of the said Helen Pollack, when appellee returned to his office to do some work after regular business hours and observed appellant performing the services. He asked her what she was doing there, to which she replied that she was cleaning at the request of Helen Pollack. He then permitted her to continue cleaning without objection or reprimand, while he was busy studying blueprints in his private office.

Appellant had been admitted into the building by a son of Helen Pollack, while another son of Helen Pollack, Johnny Furto, was supposed to stay with appellant while she was on appellee's premises. There is no evidence that Johnny Furto was an employee of the appellee and no evidence that appellee knew of his presence on the premises.

Prior to appellee's returning to work in the evening, appellant walked from the small office where she was cleaning to the wash room in the rear of the shop portion of the premises, for water to use in her work. At that time the lights in the shop portion of the premises were on, and she observed Johnny Furto cutting off some pipe. She could see the stairway and the partition adjoining thereto.

After appellee returned to work appellant again walked to the wash room in the shop portion of the premises to empty some water, by taking a route which led through the larger office and a smaller, private office where appellee was working. The lights in each of these offices were on, which provided sufficient light for her on the way to the wash room. Although the remainder of the shop portion of the premises was dark and shadowy, she decided to make her return to the office in the front portion of the premises by taking a different route, which led past the open stairway and partition, so as not to disturb the appellee at his work in the small office.

It was on this second trip and return from the wash room after disposing of dirty water that appellant thought she was walking by the partition and instead walked into the open stairway.

Appellant testified that she did not know there was a gate to close at the head of the stairs and the first she knew that she was not walking on the proper side of the partition was when she felt herself step into space and fall.

We are called upon to first determine appellant's status while on the property.

She had been asked to come on the property and clean the office by one Helen Pollack, who appellee contends was not an employee. Appellee never paid appellant; she was paid by Helen Pollack.

When appellee returned to his office after regular working hours and found appellant cleaning his office, he permitted her to continue and thereby granted an implied permission for her to be on the premises.

This court is of the opinion that appellant was, if not an employee, an invitee, and had a legal right to be on the premises and to continue on the premises after the appellee conversed with her.

The case of *Hollowell v. Greenfield* (1966), 142 Ind. App. 344, 216 N. E. 2d 537, defines "invitee" as follows:

". . . a person who proceeds on the premises of another with the express or implied invitation of the owner or occupant to do some act which is of advantage to such owner or occupant or of mutual advantage to both."

Assuming, without deciding, that appellee was negligent as charged in appellant's second amended complaint for failure to properly safeguard his premises for appellant's protection, we must next decide whether the appellant was guilty of contributory negligence as a matter of law.

In the case of *Jenney Electric Mfg. Co. v. Flannery* (1913), 53 Ind. App. 397, 98 N. E. 424, this court said:

"It is only in cases where the facts are undisputed and where only a single inference can be reasonably drawn therefrom, that the court can say, as a matter of law, that a certain course of conduct does or does not constitute reasonable care. 'It is only when the standard of duty is fixed and certain, or where the measure of duty is defined by law, and is the same under all circumstances, or when the negligence is so clear and palpable that no verdict could make it otherwise, that the question of negligence becomes one of law and not of fact.' "

This same legal principle is applied to the concept of contributory negligence.

"Before we could affirm the judgment because of contributory negligence as a matter of law we would be required to find that the trial court had before it evidence, without conflict, which led but to one conclusion, that the plaintiff was herself guilty of negligence which contributed to and caused or partly caused her own injury." *Layman v. Hall Omar Bkg. Co., et al.* (1966), 138 Ind. App. 673, 213 N. E. 2d 726, 215 N. E. 2d 692.

The appellant had walked from the small office door to the wash room at the rear of the building with the light shining from the front office and the small office; the shop lights

having been turned off. After disposing of her dirty water in the wash basin she decided to return to the front office rather than the small office which she had just left and to return to the front office she chose a way that was unlighted and dark and a way in which she had to walk by a partition adjacent to the open stairway. Appellant, on previous occasions as well as on the day she was injured, had seen and had full knowledge of the partition and stairway and did not know up to the time she fell down the open stairway that there was a gate at its opening. With knowledge of these facts, appellant nevertheless proceeded to the front office in the dark and thought she was walking on the proper side of the partition to reach her objective and did not know that she was on the wrong side of the partition until she had stepped off into space and injured herself.

There is no evidence that appellant had a lapse of memory concerning the stairway or had her attention diverted in any way. Appellant could not have relied on the gate's being closed because she had no knowledge of its being there.

This court has carefully examined the briefs of the parties and also examined the transcript. The evidence is undisputed that the appellant had a lighted way to the washroom and had the same lighted way back to her place of work. The evidence is further undisputed that appellant elected to take another way back to her place of work, which way was dark and fraught with perils of which she had absolute knowledge. Nevertheless, she pursued her course in the unlighted way, made no attempt to find a light switch, erred in her judgment of the location of the open stairway and as a result fell into the same and injured herself.

In any negligence action the person seeking recovery, appellant in this case, has a duty to exercise reasonable care for her own safety. This would include the ordinary use of all of her faculties and senses to discover and avoid dangers or conditions of danger to which she

might become exposed. *Hunsberger v. Wyman* (1966), 247 Ind. 369, 216 N. E. 2d 345.

In the case of *Kilmer v. Galbreth* (1966), 139 Ind. App. 252, 218 N. E. 2d 361, this court stated:

> "The law requires that every person having the capacity to exercise ordinary care is required to do so for his own protection; and, if a person fails to use such care in order to avoid injury to himself he is guilty of contributory negligence."

The court further held that:

> "If such negligent conduct proximately contributes to his injury, to any degree, his claim is barred by law even if the other party may have been negligent to some degree."

In the case of *The Evansville and Terre Haute Railroad Company v. Griffin* (1884), 100 Ind. 221, wherein a man, while walking in the dark to his boarding house, which was reached by a path and which path was adjacent to an open well, fell into the open well, our Supreme Court said:

> "If he undertook to follow the course of the foot-path at night, knowing of the location and condition of the well, and by reason of the darkness, or other cause, missed the path and fell into the well, he can not recover, for the reason that it was negligence to take the risk."

Applying the law as set out above to the facts herein leads to but one conclusion, which is that the appellant herself was guilty of negligence which proximately contributed to and caused her own injury; that as a matter of law the negligence of the appellant was a proximate cause of her injury and a bar to her recovery.

Therefore, the judgment of the trial court should be affirmed.

Judgment affirmed. Costs taxed to appellant.

Carson, Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 248 N. E. 2d 186.